■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR CONDE, Appellant.—Judgment, Supreme Court, Bronx County (David Stadtmauer, J., at plea and suppression hearing), rendered April 12, 1988, convicting defendant, upon his guilty plea, of criminal possession of a weapon in the third degree and sentencing him to an indeterminate prison term of 2½ to 5 years, is unanimously affirmed.

Within several minutes of receiving an anonymous tip that a group of males were engaging in drug transactions in the lobby of a building known for its drug activity, Officer Mahon and his partners arrived at the building and saw defendant and two others near each other, looking down and passing things amongst themselves. As defendant saw the officers he became startled, clutched his hands to his chest and fled up the stairs. In his pursuit of defendant, Officer Mahon saw defendant throw a gun on the floor. The officer retrieved the gun and arrested the defendant.

In denying the suppression of the gun, the hearing court concluded that defendant's suspicious behavior at the drug location justified the officers' right to approach and inquire. Defendant's actions upon seeing the police justified their pursuit, the retrieval of the gun and the subsequent arrest of defendant.

While defendant challenges the hearing court's ruling, there is no basis to overturn the decision. Indeed, the hearing court was in the best position to ascertain the truth from the witnesses. *(See, People v Carter,* 37 NY2d 234, 239.)

Under the instant circumstances, the officers had the necessary " 'objective credible reason' " for entering the building and approaching appellant. *(People v Leung,* 68 NY2d 734, 736.) Upon receiving an anonymous tip of ongoing drug activity in a building known for its drug problems, the police responded and observed defendant and others engaging in suspicious activity that appeared to be drug related. Accord-

ingly, the police certainly had reasonable cause to approach and inquire. *(Supra.)* Defendant's reaction as he saw the police established the necessary reasonable suspicion that he had committed, or was about to commit, a crime, such that pursuit by the officers was justified. *(Supra.)* Finally, after defendant threw or dropped his gun to the ground, the police had probable cause to arrest him. Concur—Murphy, P. J., Ross, Rosenberger, Kassal and Wallach, JJ.