■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUSTIN SMITH, Appellant.—Judgment, Supreme Court, New York County (Dorothy Cropper, J., at hearing, plea and sentence), rendered on February 9, 1990, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the fifth degree and sentencing him to an indeterminate term of imprisonment of one and one-half to three years, nunc pro tunc to March 11, 1989, unanimously affirmed.

On March 11, 1989, the defendant and another unidentified unapprehended female were spotted at the site of a reported drug sale by police officers responding to a radio call which described the suspects and the location where they could be found. Upon observing the marked patrol car, defendant and his companion first walked toward it and then separated, the female having handed the male suspect a small black leather purse. Two police officers followed the defendant into a restaurant and escorted him outside. A third officer standing outside the door was told by an unidentified woman that the defendant had a gun. Upon being frisked a hard object was felt in defendant's left front jacket pocket which proved to be the small black leather purse which contained 43 vials of crack.

In the instant case the police officers had articulable reasons to stop and temporarily question the defendant (People v De Bour, 40 NY2d 210). Incidental thereto they had a reasonable basis to stop and frisk when they were informed he had a gun. Although no gun was found as a result of the frisk, the small hard purse containing 43 vials of crack was discovered. As the stop and frisk was proper, the discovery of the 43 vials of crack was not the fruit of illegal search (People v Conde, 160 AD2d 619, lv denied 76 NY2d 854). The motion to suppress was thus properly denied. Concur—Sullivan, J. P., Milonas, Wallach, Kupferman and Asch, JJ.