■ In the Matter of ANDY E., a Person Alleged to be a

Juvenile Delinquent, Appellant.—Order, Family Court, New York County (Mary Bednar, J.), entered October 18, 1991, adjudicating respondent a juvenile delinquent and placing him on probation for 18 months, unanimously affirmed, without costs.

The Family Court properly denied respondent's motion to suppress the evidence recovered at the time of respondent's arrest. The respondent, whose detention as an assault suspect is not at issue, repeatedly placed his hand in his pocket despite the arresting officer's instructions not to do so; the officer could not determine whether or not the object he finally saw in respondent's hand was a weapon. Under these circumstances, there was a reasonable basis for the officer's apprehension for his own safety, thus justifying grabbing respondent's hand while it contained the unidentified object *(see, People v Oppedisano,* 176 AD2d 667, 668, *lv denied* 79 NY2d 1052). Upon grabbing the object, the officer determined that it was a plastic bag containing numerous small hard objects. Based on his experience with the street crack trade, the officer could reasonably have believed that the bag contained illegal drugs. As the "frisk" to determine if respondent had a weapon in his hand was proper, the discovery of the vials of crack was not the fruit of an illegal search *(see, People v Smith,* 178 AD2d 162). Concur—Murphy, P. J., Rosenberger, Ross and Kassal, JJ.