■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v COLLIE SMITH, Respondent. [628 NYS2d 686] —Order, Supreme Court, New York County (Antonio Brandveen, J.), entered October 28, 1993, granting defendant's motion to suppress physical evidence, unanimously affirmed.

The hearing court properly suppressed the narcotics seized from defendant's pocket. The police acted properly in temporarily stopping defendant and conducting a protective pat-down upon receiving first-hand information from a citizen that defendant had brandished a gun at her (see, People v Smith, 178 AD2d 162, lv denied 79 NY2d 953). However, once the officer had concluded that no weapon was present, the search was over and there was no authority for further intrusion (People v Diaz, 81 NY2d 106, 109). The officer's action in squeezing defendant's pocket area exceeded the pat-down permissible in the circumstances and thus the discovery and seizure of the drugs was the result of an unlawful intrusion upon defendant's privacy right in property concealed in his pocket which, as conceded by the officer, did not feel like the alleged weapon that served as a predicate for the pat-down. As noted by the Diaz Court, "[t]he identity and criminal nature of a concealed object are not likely to be discernible upon a mere touch or pat within the scope of the intrusion authorized by Terry [v Ohio (392 US 1)]" (supra, at 112). Indeed, in the instant case, the officer testified specifically that although he did not at any time feel a gun on defendant's person, he squeezed defendant's pocket in order to form an opinion as to its contents, probing that went well beyond the limited intrusion permitted under Terry (see, supra, at 112). Concur—Ellerin, J. P., Ross, Nardelli, Tom and Mazzarelli, JJ.