■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PAYNE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dubin, J., at trial; Gallagher, J., at sentencing), rendered April 15, 1983, convicting him of assault in the first degree, attempted robbery in the first degree and attempted robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rotker, J.), of that branch of the defendant's omnibus motion which was to suppress certain evidence.

Ordered that the judgment is affirmed, and the case remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

A review of the record reveals that following his arrest, the defendant was placed in an unmarked police car along with three plain-clothes officers, and they immediately drove away. After they had traveled a distance of several blocks, an officer turned around to speak to the defendant and noticed that he had put his hand in his right front pocket where defendant appeared to have a gun. The officer exclaimed "He ha[s] a gun.", whereupon the driver immediately pulled over. After a struggle, the officers recovered the gun from the defendant. The defendant was then advised of his rights, which he acknowledged that he understood, and he agreed to talk to the officers. They questioned him regarding who had been present

at the time of a subway chain-snatching incident which the officers were investigating, and the defendant responded that he would not give anybody up. Questioning ceased, but shortly thereafter, the defendant made an incriminating statement in an attempt to exculpate himself.

Although the hearing court found that the arrest was illegal, the defendant's statements were sufficiently attenuated from the arrest so as to justify their admission into evidence. The defendant's act of reaching for his gun was not a direct and spontaneous response to the detention, but was rather an independent calculated act which was not provoked by the police activity and was thus attenuated from it *(see, People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969; *People v Townes,* 41 NY2d 97; *cf., People v Wilkerson,* 64 NY2d 749).

The defendant's claim regarding the victim's in-court identification of him is unpreserved. We have reviewed the defendant's claim regarding his attorney's performance at trial and have found it to be patently meritless. Mollen, P. J., Lawrence, Kunzeman and Sullivan, JJ., concur.