■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL COX, Also Known as MARK MALONE, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Balbach, J., at plea; Browne, J., at sentencing), each rendered April 19, 1984, convicting him of murder in the second degree under indictment No. 2436/83 and burglary in the second degree under indictment No. 2756/83, upon his pleas of guilty, and imposing sentences. The appeal brings up for review the denial, after a hearing (Groh, J.), of those branches of the defendant's omnibus motion which were to suppress the defendant's statements to law enforcement authorities, identification testimony, and physical evidence.

Ordered that the judgments are affirmed.

The hearing court properly denied those branches of the defendant's omnibus motion which were to suppress the defendant's statements to the police, identification testimony and physical evidence.

There being no claim that the defendant's statements were involuntary, nor that the identification procedure, or seizure of physical evidence, was improper, the hearing court's determination that there was probable cause to arrest the defendant for an attempted burglary was dispositive of all the defendant's claims.

The arresting officer and his partner, armed with a description of a burglar who had committed six past burglaries within a six-block area in Queens, all in the early morning hours, saw defendant in that area at 5:00 A.M. on July 11, 1983. Noticing that the defendant fit the description of the burglar and was acting in a suspicious manner, the officers continued their observations. The defendant was then seen with one foot on a chair and his hand on a window ledge of the living room of a first-floor apartment. These observations themselves were a clear indication of attempted burglary *(see, People v Castillo,* 47 NY2d 270, 278). One of the officers, seeing

a bulge and concerned about his safety, patted the defendant down and recovered a white hat from the defendant's waistband. A further frisk yielded a knife in the defendant's back pocket. The officers then asked the defendant questions and received inappropriate and hesitant answers. The defendant was observed to be nervous. The officers then arrested the defendant for one of the past burglaries which involved a homicide because he fit the description.

Assuming, arguendo, that the arresting officer lacked probable cause to arrest the defendant for the past burglary involving a homicide, the court's determination that there was probable cause to arrest the defendant for the attempted burglary was proper, and, therefore, the arrest was lawful (see, People v Lopez, 95 AD2d 241, 248-250).

The apparent inconsistencies in the testimony of the arresting officer and his partner as to their initial observations of the defendant's actions at the apartment window were reconcilable, and the court's determination that the police testimony was credible should not be disturbed (see, People v Arroyo, 54 NY2d 567, 578 cert denied 456 US 979). Niehoff, J. P., Lawrence, Weinstein and Sullivan, JJ., concur.