■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENZIL ROBINSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered March 8, 1984, convicting him of robbery in the first degree and conspiracy in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The verdict and judgment of the trial court may be sustained only if, in the exercise of our factual review power (see, People v Bleakley, 69 NY2d 490), we conclude that the People proved, beyond a reasonable doubt, that the defendant had agreed with certain other individuals to commit an armed robbery (see, Penal Law § 105.10 [1]) and that he in fact knowingly aided in the commission of that robbery (Penal Law §§ 160.15, 20.00). We conclude that the People failed to meet that burden, and we therefore reverse the judgment under review and dismiss the indictment.

The defendant was arrested while driving his car a short

distance from the scene of the crime. After his arrest, the defendant made certain statements to police which were used against him at trial. According to these statements, the defendant had previously made the acquaintance of an individual named Basil Brown and had agreed with Brown to drive two of Brown's friends to a location on Long Island where one of them was seeking a job. According to these statements, the defendant drove Brown and his two friends, Gary Robertson and "Pepper" to a house in Merrick. There the defendant dropped off Robertson and Pepper. The defendant consistently denied any knowledge that Robertson, "Pepper" or Brown intended to commit a robbery at the location to which he had driven them. However, the defendant did state to police that he had observed a weapon in the possession of one of the men during the drive from Queens to Merrick.

The defendant's own testimony at trial, as well as the testimony of Basil Brown and Gary Robertson, largely confirmed the content of the defendant's postarrest statement to police. The defendant testified that he had met Brown and "Pepper" on July 18, and had driven them to a friend's house the following evening. The following morning, he agreed to drive Brown, "Pepper" and Robertson to the house in Merrick. He dropped the three men off at that location, but then Brown returned to the car, informing him that Robertson and Pepper were about to rob the people in the house. The defendant testified, consistent with his postarrest statements, that he had not known, prior to this time, that a robbery had been planned. However, his testimony was inconsistent with his prior statements to the extent that he testified that he had never told a police officer that he had seen a gun in the car during the trip from Queens.

Basil Brown testified that he had requested that the defendant drive him and his two friends to Merrick. According to Brown, no one said anything to the defendant concerning the true reason for the trip. Brown testified that after he and the other two men had gotten out of the car upon their arrival in Merrick, he noticed "Pepper" take out a gun, at which point he returned to the defendant's car, informed him of the robbery which was about to occur, and urged the defendant to drive away. Brown insisted that the defendant knew nothing about the robbery prior to that time.

Gary Robertson also testified that he never discussed the forthcoming crime with the defendant. Robertson confirmed that Brown returned to the defendant's car as soon as "Pepper" produced a handgun. Robertson's credibility was im-

peached with proof that he had made a prior statement to the police that all four men, including the defendant, had discussed the robbery.

There is legally sufficient evidence of the defendant's guilt. Considering only the inculpatory portions of the defendant's pretrial statements, the trial court, as the trier of fact, could rationally find that the defendant had driven three men to a residence in Merrick, and had observed that they were armed with a weapon. There is also evidence (the victim's testimony that she activated an alarm after the incident, which lasted 4 to 5 minutes, and Brown's testimony that he heard an alarm just before the defendant drove off) from which the trial court could infer that the defendant waited in his car for the return of the robbers even after he, by his own admission, had learned of their intentions.

Nevertheless, we conclude that the weight of the evidence does not support the trial court's verdict. The defendant consistently denied that he knew anything about the robbery until after he had driven the perpetrators to the scene. Even if we accept as true the defendant's pretrial statement that, during the trip to Merrick, he observed that his companions were in possession of a gun, and reject his trial testimony to the contrary, the inference that he knew that the gun was to be used in a robbery does not necessarily follow. The defendant's claim of innocence is supported by the testimony of two of the actual perpetrators. In their trial testimony, Brown and the defendant maintained that they drove off immediately upon Brown's return to the car. We note that Robertson and Brown exculpated the defendant at their own plea allocutions as well as in their testimony at his trial. Also, we note that Robertson's extrajudicial statement to the effect that the defendant was included in discussions concerning the forthcoming robbery was admissible only to impeach the witness's credibility, and may not be considered as evidence-in-chief (see, CPL 60.35 [2]; *People v Wise,* 46 NY2d 321, 326; *People v Gale,* 138 AD2d 401).

Under all of these circumstances, we find that the People failed to prove the defendant's guilt beyond a reasonable doubt. Mangano, J. P., Bracken, Lawrence and Spatt, JJ., concur.