■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Eric Ellis, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Beerman, J.), both rendered May 20, 1988, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree under indictment No. 6021/87, upon a jury verdict, and assault in the first degree under indictment No. 6736/87, upon his plea of guilty, and imposing sentences. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion under indictment No. 6021/87, which was to suppress physical evidence.

Ordered that the judgments are affirmed.

In the early morning hours of September 10, 1987, Officer Dominick Valenti was on motor patrol in Queens County when he received a radio transmission, based upon information from an anonymous informant, advising him that there were four black males armed with guns standing near a gray Volvo in front of 133-40 Roosevelt Avenue. Officer Valenti arrived on the scene in less than four minutes and observed 4 black males, 1 of whom was the defendant, standing near a Volvo at the indicated address. He approached the defendant, whom he recognized from an earlier arrest, and placed his hand on the defendant's arm. As he did so he observed a plastic bag containing vials of what he believed to be cocaine protruding from the defendant's jacket pocket. The defendant sought to suppress the vials of cocaine and other property seized from his possession. Following a *Mapp* hearing, suppression was denied.

We find that based upon the anonymous tip and the officer's observations which confirmed the information provided by the anonymous informant, the limited intrusion upon the defendant's person entailed in Officer Valenti's approach was in all respects reasonable *(see, People v Salaman,* 71 NY2d 869; *People v Benjamin,* 51 NY2d 267, 270; *Matter of Oniel W.,* 146 AD2d 633). Officer Valenti's discovery of the vials of cocaine provided the probable cause for the defendant's subsequent arrest and the property seized incident to the arrest was properly ruled to be admissible in evidence.

The defendant further contends that he was deprived of a fair trial as a result of prosecutorial misconduct. However, for the most part, defense counsel failed to object to the alleged misconduct of the prosecutor of which the defendant now complains. Therefore, the errors, if any, have not been preserved for appellate review (CPL 470.05 [2]; *People v Thomas,*

50 NY2d 467; *People v Udzinski,* 146 AD2d 245, 248-252). Where an objection was interposed, the court's prompt curative instructions dispelled any prejudice which might otherwise have affected the verdict *(see, People v Wood,* 66 NY2d 374, 380; *People v Ashwal,* 39 NY2d 105, 111). Furthermore, given the overwhelming evidence of guilt, any error in this regard was harmless *(see, People v Wood, supra,* at 379-380; *People v Crimmins,* 36 NY2d 230, 241-242).

In view of our determination, we do not reach the defendant's remaining contention regarding vacatur of his plea under indictment No. 6736/87 *(cf., People v Clark,* 45 NY2d 432). Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.