■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY KENNEDY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered March 4, 1988, convicting him of robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was convicted of robbery in the second degree (Penal Law § 160.10 [1]) and grand larceny in the third

degree (Penal Law former § 155.30 [5]). The judgment of conviction is supported by legally sufficient evidence only upon the premise of the defendant's accessorial liability (Penal Law § 20.00). The major item of evidence from which the defendant's accessorial liability might have been inferred was the complainant's testimony that the defendant had displayed a knife during, or immediately after, the theft of certain property which had been carried out by a third party. Having reviewed the record, we are unable to fully credit the complaining witness's testimony in this respect. On the contrary, we believe that the jury's acquittal of the defendant on certain other charges was in all likelihood based on their conclusion, which we find is supported by the weight of the evidence, that the defendant neither possessed nor displayed a knife. The evidence, including the proof of the defendant's flight, is in all other respects, factually, if not legally, insufficient to support the defendant's convictions. We are therefore constrained, in the exercise of our factual review power, to reverse the judgment of conviction and to dismiss the indictment (CPL 470.15 [5]; *see generally, People v Bleakley,* 69 NY2d 490). Mangano, J. P., Bracken, Sullivan and Balletta, JJ., concur.