THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS ENNIS, Appellant.—

The arresting officer and her partners, responding to a radio transmission reporting "male blacks with guns", one with a brown jacket, in front of 1055 Bedford Avenue, Brooklyn, saw the defendant, who fit this latter description, and another person as the officers neared this location in their marked patrol car. As the patrol car approached, the defendant and his companion began walking away in opposite directions. When the officers exited the car and followed the defendant, he put his hands in his pockets as though he was adjusting something and kept his elbows close to his side. The officers told the defendant to stop but he continued walking away. When they told the defendant to take his hands out of his pockets, he made a sudden movement with his hands towards his waistband. The officers grabbed the defendant's arms and placed his hands against a wall. One of the officers, seeing a bulge in the defendant's jacket pocket and concerned about her safety, patted him down. When she felt what she believed to be a gun, she reached into his jacket pocket and removed a revolver. As a result of a further search, the officers recovered another gun, 6 or 7 rounds of ammunition and vials of the type of cocaine known as crack. The hearing court denied that branch of the defendant's omnibus motion which was to suppress the physical evidence seized by the officers on the grounds that the officers had reasonable suspicion to stop and frisk the defendant, that upon seeing the bulge in the defendant's jacket pocket the officers had probable cause to search his pocket, and that after finding the first weapon, the officers had probable cause to arrest the defendant and conduct a further search.

Upon a review of the record we find no basis to warrant interference with the factual determinations and legal conclusions made by the hearing court, which resolved the issues of credibility against the defendant based upon its opportunity to assess the demeanor of the witnesses and to weigh the testimony first hand (see, People v Prochilo, 41 NY2d 759, 761; People v Overton, 123 AD2d 403). The apparent inconsistencies in the testimony of the officers as to their initial actions toward the defendant are reconcilable. Therefore, it cannot be said that the testimony was incredible as a matter of law (see, People v Cox, 128 AD2d 630, 631). Nor does the record support

the defendant's claim that the officers' testimony was patently tailored to nullify constitutional objections *(see, People v Collins,* 137 AD2d 542, 545).

We have examined the defendant's other contention and find it to be without merit. Mollen, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.