■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered September 8, 1988, convicting him of grand larceny in the second degree (two counts) and offering a false instrument for filing in the first degree (19 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, (1) by reversing the defendant's conviction of grand larceny in the second degree under the first count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment and, (2) by reducing the defendant's conviction of grand larceny in the second degree under the second count of the indictment to petit larceny, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing on the conviction of petit larceny and for further proceedings pursuant to CPL 460.50 (5).

The charges against the defendant, a physician, arise out of allegations that he intentionally billed Medicaid for unperformed services. We find that the verdict regarding both grand larceny counts is against the weight of the evidence.

Grand larceny in the second degree, at the time of trial, required the intentional appropriation of property with a value exceeding $1,500 (Penal Law former § 155.35). The first count of the indictment charging the defendant with grand larceny in the second degree was premised upon the defen-

dant's intentionally billing Medicaid for "specialist consultations" rather than for the less costly "specialist visits". The most direct evidence at trial regarding the defendant's billing practices was the testimony of a former billing clerk. Her testimony strongly suggests that the defendant never instructed her about how to bill for "specialist visits". Nothing in the documentary evidence indicates to the contrary. Further, she persuasively testified that she made numerous mistakes and never fully understood how to complete the Medicaid invoices, particularly in regard to "specialist" billing. In short, there is little support for the finding that the defendant intended to bill incorrectly for "specialist consultations". Therefore, the conviction of the first count is against the weight of the evidence (see, CPL 470.15 [5]; People v Bleakley, 69 NY2d 490; People v Robinson, 139 AD2d 677).

The second count of the indictment charging the defendant with grand larceny in the second degree was largely premised upon the defendant systematically charging Medicaid for services never rendered. Assuming that each of the allegedly fraudulent charges was false, the People's auditor calculated that the amount of the overcharge was $1,523.60, a sum barely over the monetary requirement at that time. Yet, a number of the allegedly false charges were not established by the documentary evidence. In addition, in some instances, the patient's testimony utterly failed to prove that the services were never rendered. For these reasons, the conviction of the second count of the indictment was against the weight of the evidence and must be reduced to petit larceny.

We have considered the defendant's remaining contentions and find that they are either unpreserved for appellate review or are without merit. Brown, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.