■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered May 30, 1989, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, suppression of the gun recovered during the police pursuit was properly denied by the Supreme Court. The record shows that the police officers had received a radio call of a man with a gun in front of 465 Eastern Parkway. The radio transmission described the man as wearing a red shirt and light pants. When the officers responded, they noticed two men, both wearing red shirts, arguing in front of the building next door; and, as the officers approached, one of the men, the defendant, immediately fled into the building. The officers gave chase, during the course of

which the defendant stopped long enough to remove a gun from his waistband and to throw it out of a stairway window. The defendant was apprehended and the gun was recovered.

Clearly, the police officers in this case had sufficient predicate to approach the defendant and to make inquiry *(see, People v De Bour,* 40 NY2d 210). This factor, when coupled with the defendant's immediate flight upon the officers' approach, justified the officers' pursuit of the defendant *(see, People v Leung,* 68 NY2d 734; *see also, People v Benjamin,* 51 NY2d 267; *People v Ennis,* 158 AD2d 467; *People v Hill,* 127 AD2d 144). In addition, when the police officers saw the defendant with a gun, they had probable cause to arrest him and to seize the gun upon a lawful arrest. Sullivan, J. P., Eiber, Harwood and Balletta, JJ., concur.