■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LATHON WIDER, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Clabby, J.), dated September 12, 1988, which granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

While the police radio transmission which provided information about shots being fired at a particular location and the defendant's flight may not have separately justified pursuit by the police officer responding to the scene, these two factors, taken together, gave rise to a reasonable suspicion sufficient to justify that pursuit (see, People v Leung, 68 NY2d 734; see also, People v Benjamin, 51 NY2d 267; People v Ennis, 158 AD2d 467; People v Hill, 127 AD2d 144). Thus, in People v Benjamin (supra), it was held that a radio report of "men with guns" at a specified location would give officers the common-law right to inquire and, when considered in conjunction with other supportive facts, supported reasonable suspicion justifying intrusive police action. Here, the report of shots fired, the quick response time (the officers arrived at the location within two or three minutes of receiving the report), the officers' observation of a group of men at the specified location, one of whom matched the description given in the report and the defendant's flight even before an officer exited the car, all combined to provide justification for the pursuit of the defendant (see, People v Ellis, 157 AD2d 797; People v Grimsley, 156 AD2d 714; People v Kimble, 153 AD2d 591).

In the course of pursuit, the defendant turned around, revealing an Uzi submachine gun which appeared to be pointing at Police Officer Shanahan. At that point, the officers had probable cause to arrest (CPL 140.10; People v De Bour, 40 NY2d 223). The seizure of the submachine gun and the drugs recovered during a search of the defendant's person immediately after he was arrested was, therefore, proper (see, People v Leung, supra).

Furthermore, even if we were to assume, arguendo, that the pursuit was not justified, the defendant's weapon was not revealed as a direct result of any claimed unlawful police conduct. The defendant's independent action of turning to face the officers who were pursuing him, thereby revealing the submachine gun on his person and apparently pointed at a police officer, would serve to dissipate any connection between any alleged unjustified conduct of the police and the discovery of the challenged evidence (see, People v Townes, 41 NY2d 97; People v Harris, 151 AD2d 777; People v Payne, 128 AD2d 559). Eiber, J. P., Harwood, Balletta, and O'Brien, JJ., concur.