■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER TSANG, Appellant.—Judgment, Supreme Court, New York County (Bernard J. Fried, J. at hearing, plea, and sentence), rendered October 18, 1989, convicting defendant upon his plea of guilty, of criminal possession of a weapon in the third degree and sentencing him to five years probation, unanimously affirmed.

The record amply supports the hearing court's credibility determinations and its finding that defendant, arriving at an illegal gambling house in Chinatown just after the execution of a search warrant had begun, lacked standing to controvert that warrant *(see, e.g., People v Rivera,* 121 AD2d 166, *affd* 68 NY2d 786). Additionally, as the Criminal Court hearing (Ira Globerman, J.) that ultimately determined the illegality of the search warrant utilized by the police to enter the premises involved different issues and parties, and as defendant's specific claim was not brought before that court, the collateral estoppel doctrine may not properly be invoked by defendant *(see, e.g., People v McGriff,* 130 AD2d 141).

This Court rejects defendant's alternative argument that he was unlawfully stopped by a police officer stationed at the door of the illegal gambling house while other officers executed the search warrant inside the premises. The arresting officer's testimony, fully credited by the hearing court, was that as security officer stationed at the door of the gambling house, he attempted to prevent defendant from entering the premises. In the circumstances, a stop and inquiry were authorized *(People v De Bour,* 40 NY2d 210). When defendant ignored the officer's questioning as to his purpose at the premises, and then entered and shouted in Chinese at the occupants, the officer's knowledge, gained through experience, that guns usually accompany illegal gambling house operations, justified the officer's frisk of defendant *(People v De Bour, supra).* Therefore, the hearing court's application of traditional search and seizure principles to deny defendant's

suppression motion is amply supported by the record *(People v Prochilo,* 41 NY2d 759). Concur—Milonas, J. P., Rosenberger, Kassal and Rubin, JJ.