■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY OPPEDISANO, Appellant.—Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered May 16, 1990, convicting defendant upon his plea of guilty of attempted criminal possession of a weapon in the third degree and sentencing him as a predicate felon to an indeterminate prison term of from 1 and 1/2 to 3 years, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Defendant moved to suppress two loaded pistols found in his pants pockets when he knocked on the door to an apartment where five police officers were executing a search warrant for cocaine and related narcotics paraphernalia. Officer Kevin Kelly, in plainclothes and with his shield displayed, opened

the door, and, without having drawn his gun, asked defendant who he was and what he was doing there. When defendant failed to answer either question, and remained standing at the door with both hands pushed into his pockets, Kelly asked him to take his hands out of his pockets. Defendant responded only by taking a step back, away from the officer. At this point, another officer stepped around Kelly and forcibly took defendant's hands out of his pockets. Kelly then observed a bulge in the right pants pocket and patted it. The upper portion felt like "hard metal" and the lower portion was soft. Reaching into the pocket the officer withdrew a loaded pistol, and a wad of money. A subsequent pat down of the left pocket produced a second loaded gun.

We agree with the hearing court that the officer's actions were justified at the inception and that the ensuing events justified the extent of the intrusion. Kelly was clearly justified in making the initial inquiry of defendant when he appeared at the door of the apartment being searched (People v De Bour, 40 NY2d 210). Receiving no response, and in light of defendant's stance, he was further justified in requesting that defendant remove his hands from his pockets (People v Klass, 55 NY2d 821; People v Mateo, 122 AD2d 229). Once defendant failed to comply with this request, the circumstances facing Kelly entitled the intrusive measure of forcibly removing defendant's hands from his pockets.

While the observation of the bulge, without more, would not warrant a seizure or frisk, here the totality of the circumstances provided a reasonable basis for Kelly's apprehension for his own and his fellow officers' safety (People v Tsang, 173 AD2d 173). Although Kelly could not, in the instant circumstances ascertain by observation or touch whether "the hard metal" was indeed a gun, he had a legitimate concern for his safety which justified removing the object from defendant's pocket (see, People v Bernard, 41 NY2d 759). No single factor can be cited as providing justification for the officer's actions; rather the totality of the circumstances warranted the limited action he took at each step, culminating in the discovery of the loaded pistol (People v Prochilo, 41 NY2d 759). Concur— Carro, J. P., Ellerin, Wallach, Ross and Rubin, JJ.