■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. WILSON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of attempted burglary in the third degree and possession of burglar's tools. Defendant was arrested when police, responding to reports that a Sonitrol alarm had been triggered at 12:45 A.M. at a law office located at 561 Franklin St., Buffalo, observed defendant prying at a window of the building with a screwdriver. After being given *Miranda* warnings *(see, Miranda v Arizona,* 384 US 436), defendant told the officers, when they asked him why he was committing a burglary, that he had lost his job and he was short on rent. When asked why he chose that building, defendant answered that it was an "easy hit" because it was quiet and no one was around.

The suppression court properly admitted defendant's statements into evidence. The testimony of Officer McLellan that he gave defendant *Miranda* warnings on two occasions and that defendant acknowledged that he understood them before giving a statement was sufficient to satisfy the People's burden of demonstrating that defendant's statement was voluntary. The inconsistent testimony given by Officer McLellan and his partner on the collateral issue of whether Officer McLellan's partner was present when Officer McLellan gave defendant his warnings was reconcilable; therefore, it was not incredible as a matter of law *(see, People v Ennis,* 158 AD2d 467, 468, *lv denied* 75 NY2d 966; *People v Cox,* 128 AD2d 630, 631, *lv denied* 70 NY2d 645).

The trial court did not err by denying defendant's request to charge attempted criminal trespass in the third degree as a lesser included offense of attempted burglary in the third degree. In light of defendant's admissions and the circumstances surrounding the attempted entry, under no reasonable view of the evidence could the jury have concluded that defendant committed the lesser but not the greater offense (*see, People v Blim,* 63 NY2d 718, 720; *People v Woolard,* 124 AD2d 763, *lv denied* 69 NY2d 751; *cf., People v Henderson,* 41 NY2d 233).

We have examined defendant's remaining arguments and find them to be lacking in merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Attempted Burglary, 3rd Degree.) Present—Callahan, A. P. J., Doerr, Boomer, Balio and Lawton, JJ.