■ The People of the State of New York, Respondent, v Larry McLean, Also Known as Latic Wilson, Appellant.— Judgment, Supreme Court, New York County (Herbert J. Adlerberg, J.), rendered April 25, 1990, convicting defendant, upon his pleas of guilty, of criminal possession of a weapon in the third degree and burglary in the third degree, and sentencing him, as a predicate felony offender, to concurrent terms of imprisonment of 2½ to 5 years and 2 to 4 years, respectively, unanimously affirmed.

While patrolling in their marked radio car on West 72nd Street in Manhattan, Officers Ewings and Spellman were flagged down by two pedestrians and informed that an unauthorized person was hand-collecting tokens at the 72nd Street station. Upon arrival there, the officers observed defendant standing outside the turnstiles engaged in a loud dispute with two passengers regarding tokens. Officer Ewings approached defendant and noticed a bulge in his left pants pocket. After asking defendant about the bulge and receiving no reply, Ewings attempted to pat it, but defendant evaded the officer's hand. Ewings instantly grabbed defendant's left hand, again intending to pat the bulge, whereupon defendant, with his right hand, removed a gun-shaped object wrapped in plastic from the right side of his body, which he then handed to his companion standing nearby. Ewings tackled defendant's friend and recovered a revolver. Defendant was arrested.

In light of the fact that defendant was observed by the police near the turnstile engaged in a loud dispute about tokens, activity tending to bear out the report the police received moments before from a citizen informant whose reliability the officers evaluated in a face to face confrontation *(see, People v DeJesus,* 169 AD2d 521, 522, *lv denied* 77 NY2d 994), Officer Ewings' initial inquiry, which constituted a minimal intrusion, was justified *(People v Thomas,* 176 AD2d 539). Moreover, "[w]hile the observation of the bulge, without more, would not warrant a seizure or frisk, here the totality of the circumstances provided a reasonable basis for [Ewings'] apprehension for his own and his fellow officers' safety" *(People v Oppedisano,* 176 AD2d 667, 668). Concur—Sullivan, J. P., Kupferman, Ross, Smith and Rubin, JJ.