■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. RAFFAELE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Zweibel, J.), rendered December 6, 1990, convicting him of tampering with public records in the first degree (two counts), grand larceny in the fourth degree, petit larceny (two counts), and falsifying

business records in the first degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant, an investigator for the Public Administrator's office in Kings County, stands convicted, *inter alia,* of tampering with public records in the first degree (two counts), and grand larceny in the fourth degree, based upon his alleged improper taking of property from the hotel room of a fictitious decedent he was assigned to investigate, and his statements in the records of the Public Administrator's office that nothing of value was found in the room. The defendant's entry into the room was secretly videotaped by the New York City Department of Investigations, which had been conducting an investigation of the practices of the Public Administrator's office, and had set up the room as though it were that of an actual decedent, planting items of value in it.

The videotape did not actually show the defendant taking any property from the room. In addition, the videotape showed that others, including a hotel porter present in the room with the defendant, had equal access to the drawer where the items were planted. Moreover, a detective from the New York City Department of Investigations who conducted a search of the room following the defendant's entry to locate items that had been planted in the room, testified that hotel employees had been in the room after the defendant left and before he entered to perform his search, and that they may have removed some property. Under these circumstances, in the exercise of our factual review power, we reverse the judgment of conviction and dismiss the indictment *(see,* CPL 470.15 [5]; *see generally, People v Bleakley,* 69 NY2d 490; *People v Brown,* 159 AD2d 716; *People v Kennedy,* 157 AD2d 856; *People v Kidd,* 76 AD2d 665).

In light of that determination, we need not address the defendant's remaining arguments. Bracken, J. P., Sullivan, Lawrence and Eiber, JJ., concur.