■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN BONNER, Appellant. [595 NYS2d 790] —Appeal by the defendant from two judgments of the Supreme Court, Queens

County (Cohen, J.), both rendered January 28, 1991, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree under Indictment No. 12703/89, upon his plea of guilty, and assault in the second degree under Indictment No. 3863/89, upon his plea of guilty, and imposing sentences. The appeal under Indictment No. 12703/89 brings up for review the denial, after a hearing (Lane, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgments are affirmed.

With respect to Indictment No. 12703/89, we conclude that the court did not err in denying the branch of the defendant's omnibus motion which was to suppress physical evidence. The arresting officer testified that, shortly after midnight, he observed the defendant and a companion leave a house for which a "precinct condition" (i.e., heightened awareness by the police) existed due to narcotics-related activities. The defendant was carrying a brown paper bag, and the officer was aware that such bags are used to carry narcotics. The defendant frequently looked around as he walked down the street and, at one point, tugged at his waistband. These observations provided the requisite reasonable suspicion of criminal activity to justify a stop of the defendant (see, People v Martinez, 80 NY2d 444; People v De Bour, 40 NY2d 210). After the officer saw a gun in the defendant's waistband, he had probable cause to arrest him (see, People v Jackson, 172 AD2d 561; People v Hopkins, 163 AD2d 416; People v Majors, 156 AD2d 590).

The judgment of conviction under Indictment No. 3863/89 is affirmed (see, People v Seaberg, 74 NY2d 1; see also, People v Callahan, 80 NY2d 273). Bracken, J. P., Rosenblatt, O'Brien and Copertino, JJ., concur.