■ In the Matter of JERRY C., a Person Alleged to be a Juvenile Delinquent, Appellant. [602 NYS2d 899] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Greenbaum, J.), dated December 14, 1992, which, upon a fact-finding order of the same court, dated December 14, 1992, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of criminal possession

of a weapon in the second degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Division of Youth for a period of 12 months. The appeal brings up for review the denial, after a hearing, of that branch of the appellant's motion which was to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, suppression of the gun recovered during the police pursuit was properly denied by the Family Court. The police officers had received a radio report identifying three males with guns who were selling drugs at the corner of Jefferson and Knickerbocker Avenues. The radio report described one of the males as wearing a white and blue shirt and white shorts. The officers arrived at the corner of Knickerbocker Avenue within 10 to 15 seconds and observed one of the males matching the description wearing a blue and white shirt and white shorts standing in the company of the appellant. As the officers approached the males, the appellant fled without provocation, the officers gave chase, and the appellant drew his gun. Approximately half a block down the street, one of the officers observed the appellant throw the gun to the sidewalk, and the appellant continued running. The appellant was apprehended and the gun was recovered.

The police radio report which provided information about the three males with guns and the appellant's flight together gave rise to a reasonable suspicion sufficient to justify the pursuit (see, People v Benjamin, 51 NY2d 267, 270; People v Jackson, 172 AD2d 561, 562; People v Wider, 172 AD2d 573, 574). The appellant's reliance on People v Holmes (81 NY2d 1056), is of no avail in this case. Unlike the situation in Holmes, where the Court found that the mere observation of an individual in a "known narcotics location" (People v Holmes, supra, at 1058) with an unidentified bulge in the pocket of his jacket could not justify police pursuit, the circumstances in the instant case are unequivocal. Given that the initial approach and subsequent pursuit of the appellant constituted legitimate, justifiable police conduct, the recovery of the gun abandoned during the flight was also lawful (see, People v Leung, 68 NY2d 734, 736-737).

We have reviewed the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.