■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE MILLER, Appellant. [603 NYS2d 887] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered November 2, 1989, convicting him of grand larceny in the third degree and offering a false instrument for filing in the first degree (35 counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to one of his accomplices.

Ordered that the judgment is affirmed.

Prior to trial, the defendant moved, *inter alia,* for a *Huntley* hearing to suppress certain taped telephone conversations he

had had with one of his accomplices, who was working in cooperation with investigators, on the ground, *inter alia,* that any incriminatory statements he had made to the accomplice during the conversations were the "involuntary product of coercion" on the part of the accomplice. The People responded that a *Huntley* hearing was unnecessary, because the statements were made "voluntarily while the defendant was not in custody" and were made "in furtherance of the criminal conduct charged". Subsequently, the court summarily denied the defendant's motion.

After considering the overwhelming evidence against the defendant, we conclude that there was no reasonable possibility that the admission of the statements affected the verdict *(see, People v Crimmins,* 36 NY2d 230; *see also, People v McIntyre,* 138 AD2d 634). Therefore, "there is no need to reach the merits of the suppression issue, because the admission of the [statements], if error, was harmless beyond a reasonable doubt" *(People v Murray,* 169 AD2d 843, 844). Thompson, J. P., Lawrence, Santucci and Joy, JJ., concur.