■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY MILLER, Appellant. [617 NYS2d 301] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered July 15, 1992, convicting defendant, upon a guilty plea, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of 3 to 6 years, unanimously affirmed.

Defendant was seen at a bank automatic teller machine (ATM) in what was known to be a high-crime location, apparently "casing" the area, by looking back and forth repeatedly between the ATM customer and a marked radio motor patrol car. When the officers approached defendant, he initially reacted to the approach by attempted flight. The officers, acting on their own observations and not on a radio run, did not draw their weapons, and greeted defendant with an innocuous "what's up", instead of a demand for identification. Accordingly, the police activity at bar was initially even less intrusive than that found only " 'an exercise of the officer's right to request information' " in *People v Ocasio* (201 AD2d 15, 18). Once the defendant reached quickly for his waistband, the officer was not required to wait until he actually saw the " 'glint of steel' " *(People v Morales,* 198 AD2d 129, 130, *lv denied* 83 NY2d 808), and appropriately relied on common police knowledge as to the practice of carrying guns in waistbands *(see, People v Alozo,* 180 AD2d 584, 586). Therefore, the motion court properly denied defendant's suppression motion.

We have considered the defendant's remaining arguments, and find them to be without merit. Concur—Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.