■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO COX, Appellant. [620 NYS2d 459] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rivera, J.), rendered April 14, 1992, convicting him of assault in the second degree and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Kramer, J.), after a hearing, of those

portions of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing record reveals that the police had probable cause to arrest him. The arresting officer testified that a civilian flagged down his patrol car and told him that a black man in dark clothing just fired some shots into a store and fled towards Atlantic Avenue. Approximately five minutes later, the officer saw the defendant on Atlantic Avenue and followed him in the patrol car. The defendant was the only person he saw in the immediate area who fit the description provided by the civilian. The defendant, upon noticing the officer, turned and fled in the opposite direction with his hands in his pockets. During the chase, the officer observed the defendant throw a gun into a parking lot.

Based on the information provided by the civilian, the police had an objective credible reason to approach the defendant. This information, coupled with the defendant's flight upon observing the patrol car, gave rise to a reasonable suspicion sufficient to justify the pursuit (see, People v Martinez, 80 NY2d 444; People v Leung, 68 NY2d 734; Matter of Jerry C., 197 AD2d 685; People v Wider, 172 AD2d 573; People v Jackson, 172 AD2d 561). Once the officer saw a gun in the defendant's hand, he had probable cause to arrest him (see, People v De Bour, 40 NY2d 210; People v Wider, supra; People v Jackson, supra). We reject the defendant's contention that the officer's testimony regarding the gun was incredible because a search of the parking lot failed to produce the gun.

Assuming that the admission into evidence of a knife recovered from the defendant's person was error on the ground that that evidence was not relevant to the instant offense, we find that the error was harmless in view of the overwhelming evidence of the defendant's guilt. There is no significant probability that the jury would have acquitted the defendant if this evidence had not been admitted (see, People v Crimmins, 36 NY2d 230, 242; People v Miller, 198 AD2d 381).

We find that the sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80). O'Brien, J. P., Hart, Goldstein and Florio, JJ., concur.