■ The People of the State of New York, Respondent, v Anthony Brown, Also Known as Mustafa Rashid, Appellant. [627 NYS2d 738] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered September 16, 1993, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the court did not erroneously deny his suppression motion. The record of the suppression hearing establishes that the police first became suspicious when they observed that the automobile in which the defendant was a passenger lacked a front license plate *(cf., People v Sherman,* 106 AD2d 416; *People v Gadsden,* 192 AD2d 1103). Upon a closer inspection of the vehicle, it appeared that its passenger side door lock was damaged *(cf., People v Whiten,* 156 AD2d 606; *People v Adams,* 194 AD2d 102). Before the officers had an opportunity to stop the car, it voluntarily came to a halt in front of the defendant's address. Based upon these articulable bases, the officers were justified in approaching the car to exercise their common-law right of inquiry *(see, People v Ocasio,* 201 AD2d 15; *see also, People v Harrison,* 57 NY2d 470).

Thereafter, from his lawful vantage point on the sidewalk adjacent to the car, the arresting officer saw the defendant move his hands to obscure his waist area. The officer recognized that guns are frequently carried in a waistband and that the defendant's movements were indicative of his hiding or reaching for a gun *(cf., People v Reyes,* 91 AD2d 935). Once the defendant reached for his waistband, the officer was not required to wait until he saw the "glint of steel" *(see, People v Morales,* 198 AD2d 129). At that point he was justified in drawing his weapon and ordering the defendant to move his hands *(see, People v Miller,* 208 AD2d 423). When the defendant complied, the gun was visible, thereby providing probable cause to arrest *(see, People v Cox,* 210 AD2d 497; *People v Jackson,* 205 AD2d 640; *People v Harrington,* 193 AD2d 756).

We have reviewed the defendant's remaining contentions

and find them to be without merit. Sullivan, J. P., Miller, Santucci and Altman, JJ., concur.