■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOON HO CHIN, Appellant. [700 NYS2d 477] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng. J.), rendered November 30, 1998, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The indictment, as amplified by the bill of particulars, charges that the defendant committed the crime of rape in the first degree (Penal Law § 130.35 [2] ["incapable of consent by reason of being physically helpless"]) in that he engaged in sexual intercourse with the complainant after rendering her unconscious by hitting her in the face and causing her to strike her head on the wall and bed. The prosecutor's opening statement and the complainant's testimony were consistent with the indictment theory. However, the medical evidence failed to corroborate the complainant's testimony that she was struck or lost consciousness. Over the defendant's objection, the prosecutor then elicited testimony regarding "dissociative amnesia" and "psychoneurological shock", apparently in an attempt to explain the complainant's alleged "unconsciousness". The prosecutor questioned the People's own witnesses, an emergency medical technician and an emergency room resident, as well as the defendant's expert in emergency medicine, in regard to this new theory and the prosecutor advanced that theory in summation. This midtrial variance in the prosecution's theory deprived the defendant of his fundamental right to fair notice of the charges against him and an opportunity to present a meaningful defense (*see, People v Grega,* 72 NY2d 489; *People v Gachelin,* 237 AD2d 300). Therefore, a new trial is required.

We note that the prosecutor further erred by eliciting expert testimony from the emergency medical technician in regard to "psychoneurological shock" after the court, upon the defendant's objection, correctly ruled that the witness was not competent to testify on that subject (*see, Meiselman v Crown Hgts. Hosp.,* 285 NY 389; *People v Davis,* 209 AD2d 954).

In light of our determination the defendant's remaining contention is academic. Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.