■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY RUDOLPH, Also Known as WILLIAM RUDOLPH, Appellant. [712 NYS2d 410] —Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered June 15, 1999, convicting him of criminal possession of a weapon in the third degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement he made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his contention that the testimony of the two police officers at the suppression hearing was rehearsed and incredible (*see,* CPL 470.50 [2]). In any event, the record supports the hearing court's determination that the officers had reasonable suspicion to detain the defendant for questioning based upon the highly specific information they possessed that he had a gun (*see, People v Cox,* 210 AD2d 497; *People v Ellis,* 157 AD2d 797), and then to pursue him when he suddenly fled (*see, People v Decayette,* 217 AD2d 557; *People v Wider,* 172 AD2d 573; *People v Ellis, supra*). When the defendant tried to hide behind a concrete retaining wall, the officers spotted an empty clip-on holster on the ground at his feet, which clearly corroborated

the reasonable suspicion that he had a gun (*see, People v McEachin,* 148 AD2d 551). The officers were then justified in training their weapons on the defendant, at which time the defendant produced and surrendered a loaded handgun, thereby providing the officers with probable cause to place him under arrest (*see, People v Brown,* 215 AD2d 771; *People v Cox, supra; People v Wider, supra; People v Davis,* 161 AD2d 602). Santucci, J. P., S. Miller, Florio and McGinity, JJ., concur.