■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ACOSTA, Appellant. [735 NYS2d 272] —Judgment unanimously reversed on the law and new trial granted on count two of indictment. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) arising from his possession of a knife. We reject the contention of defendant that his motion to suppress the knife should have been granted because it was seized following an unlawful pursuit by police. Even assuming, arguendo, that the pursuit was unlawful, we conclude that any taint resulting therefrom was dissipated. "[T]he defendant's weapon was not revealed as a direct result of any claimed unlawful police conduct" (*People v Wider*, 172 AD2d 573, 574; *see, People v Townes*, 41 NY2d 97, 101-102).

We agree with defendant, however, that County Court's supplemental instruction to the jury on the issue of the "unlawful use" of the knife improperly changed the theory of the prosecution (*see, People v Kaminski*, 58 NY2d 886, 887; *see generally, People v Grega*, 72 NY2d 489, 498; *People v Joon Ho Chin*, 267 AD2d 404, *lv denied* 95 NY2d 799; *People v Kolempear*, 267 AD2d 327, 327-328, *lv denied* 95 NY2d 799). Although the People's bill of particulars specified that defendant's unlawful use of the weapon was based upon defendant's "attempt to stab" the police officer, the court nevertheless charged the jury over defendant's objection that defendant could be found guilty if the jury found that he either attempted to stab the police officer or merely threatened to inflict injury with the knife. We therefore reverse the judgment and grant a new trial on count two of the indictment. (Appeal from Judgment of Erie County Court, D'Amico, J.—Criminal Possession Weapon, 3rd Degree.) Present—Wisner, J. P., Hurlbutt, Kehoe and Burns, JJ.