■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE PATTERSON, Appellant. [743 NYS2d 361] —Appeal from a judgment of Oneida County Court (Donalty, J.), entered July 22, 1998, convicting defendant after a jury trial of, inter alia, criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a weapon in the second degree (Penal Law former § 265.03 [2]), criminal possession of a weapon in the third degree (former § 265.02 [4]), menacing in the second degree (§ 120.14 [1]), and resisting arrest (§ 205.30). County Court properly refused to suppress the weapon retrieved from the scene of the arrest. Even assuming, arguendo, that the pursuit of defendant by the police was unlawful, we conclude that defendant's independent act of revealing the weapon during that pursuit dissipated any taint resulting therefrom (*see People v Acosta,* 289 AD2d 975; *People v Wider,* 172 AD2d 573, 574; *see also People v Townes,* 41 NY2d 97, 101-102). Defendant further contends that two prospective jurors should have been dismissed for cause. Defendant waived that contention, however, by failing to challenge those prospective jurors for cause before they were sworn (*see* CPL 270.15 [4]). In any event, defendant did not exhaust his peremptory challenges before the completion of jury selection and thus his contention would not constitute a ground for reversal (*see* 270.20 [2]; *People v Stone,* 239 AD2d 872, 873, *lv denied* 90 NY2d 943; *cf. People v Torpey,* 63 NY2d 361, 365, *rearg denied* 64 NY2d 885). Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Burns, JJ.