Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered January 10, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the first count of the indict *1152 ment is dismissed and a new trial is granted on the second and third counts of the indictment.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]), defendant contends that the conviction is not supported by legally sufficient evidence. We agree. Viewing the evidence in the light most favorable to the People, as we must (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally insufficient to prove beyond a reasonable doubt that defendant “acted with the culpable mental state of depraved indifference” (People v Swinton, 7 NY3d 776, 777 [2006], rearg denied 7 NY3d 864 [2006], citing People v Feingold, 7 NY3d 288 [2006]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
“A defendant may be convicted of depraved indifference murder when but a single person is endangered in only a few rare circumstances” (People v Suarez, 6 NY3d 202, 212 [2005]), and we conclude that those circumstances are not present here. The forensic pathologist testified that the 61-year-old victim died from a subdural hematoma and brain injuries caused by blunt-force trauma that was consistent with being struck by fists. Defendant testified at trial that he had punched the victim in the head several times following an argument over the victim’s sexual abuse of defendant 30 years earlier, but defendant further testified that, by the time he left the victim’s house, he and the victim had reconciled and the victim was “fine.” The evidence presented by the People at trial establishes that a struggle had occurred, there were blood spatters in the bathroom and a significant pool of blood on the kitchen floor, and the police found the victim’s body face down in a small pool of blood on the living room floor, between the couch and a coffee table. We conclude that the evidence does not support the conclusion that the victim’s death was caused by abandoning a helpless and vulnerable individual in circumstances in which he or she is likely to die (see People v Mancini, 7 NY3d 767 [2006]; Suarez, 6 NY3d at 212; People v Kibbe, 35 NY2d 407, 413 [1974], rearg denied 37 NY2d 741 [1975]), nor was there evidence of “torture or a brutal, prolonged . . . course of conduct against a particularly vulnerable victim” (Suarez, 6 NY3d at 212; see People v Poplis, 30 NY2d 85 [1972]). “Whether he intended to kill [the victim] or merely to cause [him] serious injury—and either of these findings, supported by sufficient evidence, might have been properly made by the jury—defendant’s actions in no way reflected a depraved indifference to [the victim’s] fate” (Suarez, 6 NY3d at 216).
*1153 We reject the contention of defendant that he may not be retried on the remaining counts of the indictment (see Matter of Suarez v Byrne, 10 NY3d 523, 541 [2008], rearg denied 11 NY3d 753 [2008]) and, in view thereof (see generally People v Acosta, 289 AD2d 975 [2001], lv denied 97 NY2d 750 [2002]), we note that County Court properly refused to suppress defendant’s statements to the police inasmuch as those statements were spontaneously made and were not made in response to questions of an accusatory nature (see People v Bailey, 50 AD3d 343 [2008]; People v Brown, 23 AD3d 1090, 1092 [2005], lv denied 6 NY3d 810 [2006]). Because we are granting a new trial, we do not address defendant’s remaining challenge to the severity of the sentence. Present—Scudder, EJ., Martoche, Fahey, Peradotto and Gorski, JJ.