OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant has been convicted after a jury trial of robbery, first degree, and sentenced as a persistent violent felony offender to an indeterminate term of imprisonment of 25 years to life. The charge resulted from the early morning assault of Allison Brown in the elevator of her apartment house and the theft of her purse and its contents.
On this appeal defendant’s principal challenge is to the admission of several items of evidence. First, he contends that his unlawful street detention by the police requires suppression of statements he made to them concerning a ripped, stained black skirt he discarded while running from them, his address, and the police observations made during the stop of a fresh cut on his hand. Second, defendant seeks suppression of a blue jacket allegedly worn by him at the time of the robbery, contending that it was seized when the police unlawfully arrested him in his apartment without a warrant.
Insofar as the street detention is concerned, the hearing court found that while, during the early morning hours, two uniformed police officers were investigating another crime in an area of apartment buildings, they observed defendant running. Seeing two other men nearby, the police thought defendant might be the victim of a crime and called to him. Defendant stopped, looked at the officers and then ran away, discarding the skirt as he ran, the police pursued and when they caught him they asked why he had run away when they called and asked about the recovered skirt. He gave his name and nearby address and after they verified that information by a call to his apartment, they released him. The courts below found on this evidence that the police had an articulable reason for their initial attempt to talk with defendant and reasonable suspicion justifying their detention while they *855 questioned him (see, People v Leung, 68 NY2d 734; cf., People v Howard, 50 NY2d 583).
On defendant’s second point, the hearing court found that the entry into defendant’s apartment was made with his consent. Thus, it held the subsequent warrantless arrest inside the apartment was lawful and the jacket properly seized as an incident of that arrest.
These determinations involved mixed questions of law and fact, and because there is evidence in the record to support the hearing court’s findings, undisturbed by the Appellate Division, our review process is at an end (see, People v Harrison, 57 NY2d 470, 477).
Defendant also claims that the trial court improperly permitted the police officers to testify that when they first sought to question him he had in his possession a black skirt, torn and stained, and when he saw them he discarded the skirt and ran from them. The skirt itself was not received in evidence. We find no error in the court’s ruling that the testimony concerning the skirt was relevant to the issue of identification . because the victim had testified that her attacker was carrying something black at the time of the incident and the evidence of defendant’s possession of a similar object at another closely related time helped to link him to the crime.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa. concur; Judge Alexander taking no part.
Order affirmed in a memorandum.