■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE A. APONTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Winick, J.), rendered July 23, 1984, convicting him of burglary in the second degree (five counts) and criminal possession of stolen property in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence seized from him.

Ordered that the judgment is affirmed.

At about 3:40 P.M. on July 20, 1983, a person residing at 2471 Kayron Lane in North Bellmore called "911" and reported a burglary in progress across the street by three young Hispanic or black people. A radio call went out that a burglary was in progress across from 2471 Kayron Lane and two Nassau County police officers on radio motor patrol in separate cars responded to that location.

The only person seen by the officers on Kayron Lane was a male Hispanic who used the passenger side door to get into the rear seat of a car in front of the burglarized residence. When the first-arriving police officer pulled up parallel to the car he saw that it contained three people and yelled across to

the driver of the car "what are you doing here?". The defendant, who was the driver, suddenly took off at a high rate of speed with the police officers in pursuit. The chase ended when the car struck a tree. The police, in helping the trio out of the car, observed certain gold jewelry therein, arrested the occupants and seized the jewelry found in the car and on the defendant's person.

The defendant moved to suppress the jewelry that was seized and a statement he subsequently gave to the police on the ground that the property and the statement were products of an unreasonable search and seizure. Following the denial of his suppression application after a *Mapp-Huntley* hearing, the defendant pleaded guilty to burglary in the second degree (five counts) and criminal possession of stolen property in the first degree.

On appeal the defendant urges that the police officer's inquiry of him was not supported by a well-founded suspicion that criminal activity was afoot *(cf., People v De Bour,* 40 NY2d 210, 222, 223) and therefore the intrusion was impermissible. We reject this contention. In evaluating the police action we must consider whether or not it was justified in its inception and whether or not it was reasonably related in scope to the circumstances which rendered its initiation permissible *(People v De Bour, supra,* at 222-223, citing *People v Cantor,* 36 NY2d 106, 111). The inception of the police action in this case was based upon a "911" call whose source and proof of reliability were sufficiently explained *(see, People v Benjamin,* 51 NY2d 267, 270). The police officer was duty bound to take action on the radio call *(see, People v Benjamin, supra).* We find that the action taken by the officer in making the stated inquiry of the defendant in this case was reasonably related in scope to the circumstances which rendered its initiation permissible.

The sentence imposed was the one agreed upon as part of the plea bargain and was appropriate. The defendant cannot complain that it was excessive *(see, People v Kazepis,* 101 AD2d 816). Bracken, J. P., Niehoff, Kooper and Sullivan, JJ., concur.