■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HOLLIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Braatz, J.), rendered November 2, 1984, convicting him of criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made to a detective.

Ordered that the judgment is affirmed.

The hearing court found that Police Officer Campone's initial action vis-à-vis the defendant and his companion, to wit, asking them to identify themselves, state their business, and reveal the contents of their plastic bags, was justified since it was based on specific articulable facts. We agree. The record reveals that the defendant and his companion, Andre Steadman, were acting suspiciously. Thus, under the circum-

stances, the officer acted properly in exercising his common-law right to inquire *(see, People v Carrasquillo,* 54 NY2d 248, 252-253; *People v Howard,* 50 NY2d 583, 588-590, *cert denied* 449 US 1023; *People v De Bour,* 40 NY2d 210, 223; *People v Cantor,* 36 NY2d 106, 114).

Furthermore, the hearing court correctly determined that the defendant's statement to Detective Carpentieri was admissible. The defendant was advised as to his *Miranda* rights, and communicated his understanding of them, prior to making the inculpatory remarks.

The defendant also contends that his guilt was not proven beyond a reasonable doubt. This contention is without merit. The jury was presented with evidence as to the defendant's false explanation of his possession of recently stolen property. Such evidence was sufficient to establish a prima facie case as to criminal possession of stolen property *(see, People v Baskerville,* 60 NY2d 374, 382; *People v Sim,* 44 NY2d 758, *affg* 53 AD2d 992; *Knickerbocker v People,* 43 NY 177). Upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contention is without merit. Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.