OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant appeals from his conviction, upon his guilty plea, of criminal possession of a weapon in the third degree, arguing that the arresting officer’s frisk which produced a .22 caliber revolver was not justified as a matter of law. At the suppression hearing, the arresting officer testified that, acting on an anonymous tip of a black male with a gun at South Fifth Avenue and West Third Street in the City of Mount Vernon wearing a long beige overcoat and a maroon sweatshirt with a hood on it, he reached the intersection and observed approximately 25 people milling about, but only defendant matched the description given. He approached defendant and ordered him to put his hands on the hood of the car and conducted a pat down of defendant’s outer clothing.
Any inquiry into the propriety of police conduct must weigh the degree of intrusion it entails against the precipitating and attending circumstances (People v De Bour, 40 NY2d 210, 223), and where the officer is justified in believing that the suspect is armed, a frisk for weapons is permissible (Terry v Ohio, 392 US 1, 27). The officer was of course duty bound to investigate the report (People v Landy, 59 NY2d 369, 374; People v Benjamin, 51 NY2d 267, 270), and his independent observations corroborated the information received, both as to the specific description of the suspect and as to the exact location where he could be found (People v Kinlock, 43 NY2d 832). It was night in what the officer testified was a high-crime area (see, People v Bronston, 68 NY2d 880, 881; People v McLaurin, 43 NY2d 902). He further testified that he acted for his own safety and for that of others in the vicinity. Under these circumstances, where the officer approached defendant without any weapon drawn and conducted only a pat down of defendant’s outer clothing, it cannot be said that the degree of intrusion employed was unreasonable. Inasmuch as there is evidence in the record to support the hearing court’s finding, undisturbed by the Appellate Division, that there was a sufficient predicate for the officer’s interference with defen *871 dant to secure the safety of the officer and others in the intersection, our review process is at an end (People v Jones, 69 NY2d 853, 855).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.