■ In the Matter of ONIEL W., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (De Phillips, J.), entered December 8, 1987, which, upon a fact-finding order of the same court dated September 15, 1987, made upon the appellant's admission that he had committed an act, which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the third degree, placed the appellant on probation for a period of 18 months. The appeal brings up for review the denial of the appellant's motion to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant sought to suppress the gun which was the basis of this proceeding on the ground that he was arrested in the absence of probable cause to believe that he had committed or was committing a crime. The testimony at the suppression hearing established that an unidentified man approached a privately employed uniformed security guard in a park area of Lefrak City and told him that a young man on a nearby bench had a gun in his backpack. The man pointed to the bench where a group of young men were congregated and described the person and clothing of the young man with the gun. The appellant and his clothing matched the description, and he was the only one wearing a backpack. The informant did not reveal the source of his information. Based on this information, the security guard approached the appellant and asked to speak with him. The appellant's reaction was to jump off the bench, run at the security guard and try to knock him down. Although the appellant presented a witness who testified that he merely tried to walk away from the security guard, the Family Court credited the testimony of the security guard that the appellant "tried to run right through me" and we decline to disturb that finding (see, People v Jones, 69 NY2d 853). The security guard further testified that he grabbed the appellant, wrestled him onto the bench and then escorted him into a security office just a few feet away. At the security guard's request, the appellant placed the backpack on a table. In response to a request by the security guard or his supervisor for identification, the appellant unzipped the backpack and removed a notebook. The security guard looked in the backpack and saw the butt of a handgun. The gun was recovered, and the appellant was placed under arrest.

Initially, we note that the arguments advanced on appeal in support of the denial of the suppression motion (i.e., that there was no governmental involvement in the recovery of the gun and that the security guard had probable cause to arrest the appellant for attempted assault) were not raised in the Family Court and cannot serve as grounds for affirmance of the denial *(see, People v Nieves,* 67 NY2d 125, 135-136; *People v Johnson,* 64 NY2d 617; *People v Dodt,* 61 NY2d 408, 416). Moreover, to the extent that evidence relevant to these arguments was adduced at the hearing, their validity was not conclusively demonstrated *(People v Nieves, supra,* at 136). The testimony of the security guard revealed that his supervisor, a peace officer, had significant involvement in the events under review *(see, People v Jones,* 47 NY2d 528). In addition, the security guard did not specify the nature and degree of physical contact initiated by the appellant.

Nevertheless, we affirm the denial of the motion to suppress. "The proper analysis in assessing the reasonableness of police conduct 'is to examine the predicate for the police action and then determine whether or not that predicate justified the extent of the official intrusion on the individual. Thus, the predicate established defines the scope of permissible police conduct' " *(People v Olsen,* 93 AD2d 824, quoting *People v Stewart,* 41 NY2d 65, 66). An anonymous informant providing a general description and location of a person with a gun, with no indication of reliability or the source of the knowledge, triggers only a police officer's common-law right to detain and inquire *(see, People v De Bour,* 40 NY2d 210, 223; *People v Cantor,* 36 NY2d 106, 114). However, if, as here, the officer is able to confirm, by personal observation, details provided by the informant which, although not suggestive of criminal activity, are "so specific and congruous with that which was actually encountered * * * the reliability of the information [may] reasonably be assumed" *(People v Olsen, supra,* at 824; *see also, People v Salaman,* 71 NY2d 869).

The description in this case pinpointed the appellant and excluded all other persons present. Consequently, the security guard was entitled not only to detain the appellant to the extent necessary to obtain explanatory information but to conduct a pat-down search *(see, People v Kinlock,* 43 NY2d 832; *People Stewart,* 41 NY2d 65, *supra).* The appellant's violent behavior prevented the security guard from doing either. Under the circumstances, the security guard's removal of the appellant to a nearby secure area was justified and reasonable. Although the security guard did not conduct a pat-

down search in the security office, he properly requested the appellant's identification (see, People v Jones, 69 NY2d 853, supra) and then observed the gun in plain view when the appellant opened the backpack. Thus, we agree with the Family Court that the scope and extent of the intrusion were reasonable in light of the facts then known to the security guard, and that the reasonable suspicion was elevated to probable cause to arrest upon discovery of the gun (see, People v Aponte, 130 AD2d 664, lv denied 70 NY2d 709). Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.