■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEM MILLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered May 12, 1986, convicting him of robbery in the first degree, burglary in the first degree, robbery in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied suppression of certain physical evidence which the defendant had discarded as he was being pursued by a police officer. The radio report of a robbery in progress, coupled with the officers' observations upon their arrival at the address where the crime reportedly occurred, gave them an articulable basis for the purpose of inquiring as to the activities of the defendant and his compan-

ions *(see, People v De Bour,* 40 NY2d 210, 216; *People v Perry,* 133 AD2d 380, *affd* 71 NY2d 871). The fact that the police officer approached with his gun drawn did not transform the otherwise lawful detentive stop into an arrest since the circumstances of the confrontation permitted the officer to exercise caution in order to ensure his personal safety *(see, People v Chestnut,* 51 NY2d 14, 21, *cert denied* 449 US 1018; *People v Perry, supra).* The display by one of the defendant's companions of what appeared to be a gun, and the flight of the defendant and his companions upon the officer's approach, established the necessary reasonable suspicion that criminal activity was afoot and, therefore, that pursuit by the officers was justified *(see, People v Leung,* 68 NY2d 734; *People v Howard,* 50 NY2d 583, 592). In view of our holding that the police conduct in approaching and pursuing the defendant was lawful, the recovery of the plastic box and its contents and the defendant's jacket, all discarded during his flight, was also legally permissible *(see, People v Leung, supra,* at 736).

Viewing the evidence in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary in the first degree and assault in the second degree. The record clearly establishes that the complainant suffered "physical injury" within the meaning of Penal Law § 10.00 (9). There was proof that the 71-year-old complainant was restrained in a stranglehold as he was dragged by the defendant and his companions into the elevator and down a flight of stairs to his apartment. The complainant was also kicked and punched by the three men in the stomach, abdomen and jaw after they discovered that the complainant had given them the wrong number of his apartment. As a result of the attack, the complainant ached, felt dizzy and had trouble breathing. He could not speak at all on the evening of the crime and for the next two or three days he could only whisper and had trouble swallowing. Thus, the jury's finding that the injuries suffered by the plaintiff constituted "physical injury" is fully supported by the record *(see, People v Bogan,* 70 NY2d 860; *People v Rojas,* 61 NY2d 726; *People v Esquilin,* 141 AD2d 838).

We have considered the defendant's remaining contention and find it to be without merit. Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.