■ The People of the State of New York, Respondent, v Charles Jackson, Appellant.—

The hearing court properly denied suppression of a gun and drugs which the defendant discarded as he was being pursued by police officers during a high-speed car chase. A tip from an unidentified person who flagged down the officers on patrol, combined with the officers' observations at the scene corroborating the reported information, gave the officers an articulable basis for inquiring of the defendant as to his activities *(see, People v Salaman,* 71 NY2d 869; *People v De Bour,* 40 NY2d 210; *People v Perry,* 133 AD2d 380, *affd* 71 NY2d 871). The fact that the police officer approached the defendant's automobile with his gun drawn did not transform an otherwise lawful stop into an arrest, since the police had a reasonable basis for suspecting that the defendant was armed *(see, Matter of Oniel W.,* 146 AD2d 633, 634). Accordingly, the police were justified in exercising caution in order to ensure their personal safety *(see, People v Chestnut,* 51 NY2d 14, 21, *cert denied* 449 US 1018; *People v Perry, supra).* The actions of the defendant upon the officers' approach, to wit, driving westward in reverse in an eastbound traffic lane and fleeing the scene at high speed through traffic signals, established the requisite reasonable suspicion that criminal activity was afoot and justified the officers' pursuit *(see, People v Leung,* 68 NY2d 734; *People v Miller,* 146 AD2d 809). The subsequent recovery of the physical evidence, which was discarded and abandoned by the defendant during his flight, was also proper *(see, People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969). Brown, J. P., Rubin, Kooper and Harwood, JJ., concur.