■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ISAIAH DAVIS, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Duncan, J.), both rendered May 16, 1986, convicting him of criminal sale of a controlled substance in the third degree under indictment No. 8086/76, upon his plea of guilty, and manslaughter in the second degree and criminal possession of a weapon in the third degree under indictment No. 105/78, upon a jury verdict, and imposing sentences. The appeal brings up for review the denial, after a hearing (Chetta, J.), of those branches of the defendant's omnibus motion under indictment No. 105/78 which were to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the judgments are affirmed.

Contrary to the defendant's contentions, the hearing court correctly determined that his arrest was lawful and that the loaded revolver recovered from him, as well as his custodial statements, were not subject to suppression. In this regard, we note that the fact that the arresting officer drew his gun upon the defendant did not transform an otherwise lawful stop into an arrest (see, People v Allen, 73 NY2d 378; People v Chestnut, 51 NY2d 14, cert denied 449 US 1018; People v Jackson, 158 AD2d 545). The ensuing frisk of the defendant, performed after the arresting officer confirmed that a shooting had just occurred, was justified since the officer had a reasonable basis for suspecting that the defendant was armed and he therefore properly exercised caution to ensure his personal safety (see, People v Allen, supra; People v Chestnut, supra; People v Jackson, supra; People v Joyner, 109 AD2d 753). Upon the discovery of a loaded revolver on the defendant's person, probable cause existed to effect his arrest (see, People v McEachin, 148 AD2d 551).

The defendant's further contention that the court erred in refusing his request to instruct the jury as to the defense of justification is without merit, as no reasonable view of the evidence adduced at trial would support a finding of justification (see, People v Goetz, 68 NY2d 96; People v Padgett, 60 NY2d 142; People v Acevedo, 117 AD2d 813).

We have examined the defendant's remaining contention and find that it is without merit. Mangano, P. J., Lawrence, Kooper and Harwood, JJ., concur.