■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR CLARK, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered January 6, 1988, convicting him of criminal possession of stolen property in the fourth degree and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Ordered that the judgment is affirmed.

On February 4, 1987, at about 9:35 P.M., the Yonkers Police Department transmitted a radio report of an automobile that had just been stolen. The stolen vehicle was described as a 1979 blue Chevrolet Caprice bearing New York license number 110MXG and occupied by two males. Two uniformed police officers, who were on routine patrol in a radio motor patrol vehicle in the vicinity of the theft, received the radio report and together with other police vehicles began a systematic search of the surrounding area. Minutes after receiving the radio transmission and only a short distance from the site of the theft, the police officers spotted a vehicle matching the description provided in the radio report, parked at an angle to the curb among other parallel-parked automobiles. As the officers drove slowly past the suspect vehicle they observed that the interior dome light of the vehicle was on and two males, later identified as the defendant and the codefendant Kevin Williams, were hunched over in the front seat.

The two officers proceeded past the subject vehicle then drove in reverse, coming to a stop behind the vehicle and parallel to the curb. While the officers exited their marked

patrol vehicle, the defendant and Williams left the vehicle and started to walk. The officers, with guns drawn, shouted "Stop, police, stay where you are". The defendant immediately stopped but Williams continued to walk away until the officers repeated their direction, following which they both returned to the subject vehicle. The officers asked the two men what they were doing in the car. Williams responded that they were sitting in a friend's car and the defendant agreed. After confirming with police headquarters that the vehicle from which the two men had just exited was indeed stolen, the officers arrested the defendant and Williams and frisked them for weapons. The keys to the vehicle were recovered from the ground near the defendant's foot. The front dashboard of the vehicle was damaged, the radio was on the front seat, and a screwdriver was recovered from the floor on the passenger's side of the vehicle. The owner of the stolen vehicle was transported by the police to the scene and identified the vehicle as hers. Thereafter, the defendant and Williams were transported to police headquarters. En route to headquarters the police advised the two men of their *Miranda* rights *(see, Miranda v Arizona,* 384 US 436).

The defendant later moved to suppress his statement to the police wherein he attempted to explain his presence in the stolen vehicle, contending that it was the product of custodial interrogation conducted without the proper *Miranda* warnings being given. The County Court denied the defendant's application. The defendant was subsequently convicted after a non-jury trial of criminal possession of stolen property in the fourth degree and criminal mischief in the fourth degree. We now affirm.

On appeal, the defendant renews his charge that his statement should have been suppressed. We find that the County Court properly denied suppression. The radio report providing a detailed description of the stolen automobile, coupled with the officers' observations at the scene, gave rise to a reasonable suspicion that criminal activity was afoot, entitling the officers to lawfully stop and detain the defendant and his accomplice *(see, People v Salaman,* 71 NY2d 869; *People v De Bour,* 40 NY2d 210). The fact that the officers had their weapons drawn did not transform the lawful detentive stop into an arrest since the reasonableness of the officers' conduct must be viewed against the realities of the dangers posed to officers in nighttime street encounters with suspected criminals *(see, People v Jackson,* 158 AD2d 545; *People v Miller,* 146 AD2d 809; *People v Perry,* 133 AD2d 380, *affd* 71 NY2d 871).

Under the circumstances presented, the officers were permitted to exercise caution in order to ensure their personal safety *(see, People v Chestnut,* 51 NY2d 14, 21, *cert denied* 449 US 1018; *People v Jackson, supra; People v Perry, supra).* The officers' simple inquiry upon the lawful stop did not constitute a custodial interrogation for which administration of *Miranda* warnings was required *(see, People v Morales,* 65 NY2d 997). Rather, the question was justified in order to permit the officers to clarify the nature of the situation and, if warranted, to permit the two men to proceed on their way *(see, People v Johnson,* 59 NY2d 1014; *People v Huffman,* 41 NY2d 29, 34; *People v Schipski,* 130 AD2d 781). Accordingly, the defendant's response to the police inquiry was admissible in evidence at the trial.

The defendant next contends that his guilt of criminal possession of stolen property in the fourth degree was not established beyond a reasonable doubt because the People did not prove that he knowingly possessed stolen property *(see,* Penal Law § 165.45). Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence adduced at the trial revealed that upon the officers' arrival the defendant immediately attempted to flee the scene and then offered a false explanation of his possession of the recently stolen vehicle. Such evidence was sufficient to establish a prima facie case as to criminal possession of stolen property and to enable a trier of fact to find the defendant guilty beyond a reasonable doubt *(see, People v Baskerville,* 60 NY2d 374, 382; *People v Jenkins,* 143 AD2d 846; *People v Hollis,* 133 AD2d 707). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have reviewed the defendant's remaining contention and find it to be without merit. Thompson, J. P., Brown, Harwood and Balletta, JJ., concur.