■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WILLIAMS, Appellants.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered January 22, 1988, convicting him of criminal possession of stolen property in the fourth degree and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The background of this case is detailed in the decision on the appeal of the codefendant Arthur Clark, with whom the defendant was joined for purposes of the pretrial suppression hearing and trial (see, People v Clark, 172 AD2d 679 [decided herewith]), and it need not be repeated here.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620; *People v Clark, supra),* we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In particular, the evidence that the radio of the recently stolen vehicle was sitting on the front seat, the dashboard of the vehicle was damaged and a screwdriver was found on the floor of the vehicle on the front passenger's side where the defendant was observed by police officers shortly before his arrest, clearly established the defendant's guilt of criminal mischief in the fourth degree *(see,* Penal Law § 145.00). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant further contends that, in any event, the count of the indictment charging criminal mischief in the fourth degree should be dismissed due to the court's failure to impose sentence thereon. Although the court erred by failing to pronounce sentence on each count upon which the defendant was convicted *(see, People v Calandro,* 127 AD2d 675; *People v Mohammed,* 126 AD2d 673; *People v Benoit,* 115 AD2d 608), the remedy for such an error is generally remittitur to the sentencing court for imposition of a proper sentence. There is no need to remit for resentencing in this case because the defendant has already served the maximum term to which he could be sentenced for criminal mischief in the fourth degree *(see, People v Oliphant,* 127 AD2d 802; *People v Desir,* 124 AD2d 742). Thompson, J. P., Brown, Harwood and Balletta, JJ., concur.