■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BROWN, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of two counts of criminal possession of a weapon in the third degree (see, Penal Law § 265.02 [4], [5]), defendant contends that his initial encounter with police amounted to a de facto arrest for which probable cause was lacking. Defendant's contention is without merit.

On the afternoon of November 26, 1990, police officers received a radio dispatch advising them that defendant, a black male wanted on an outstanding parole violation warrant and as a suspect in a recent drive-by shooting, was a passenger in a blue and white car operated by a white female near 410 Clinton Street. When the officers located the car and directed it to pull over, defendant exited the vehicle and began walking away from the officers. The police exited their vehicle, drew their guns and ordered defendant to stop. After conducting a pat-down search for weapons, defendant was

detained briefly until another officer arrived at the scene with a photograph from which defendant was positively identified as the individual named in the parole warrant. A subsequent search of the vehicle yielded a loaded .38 caliber revolver concealed beneath a blanket on the front seat where defendant had been seated.

The record supports the suppression court's finding that the radio report, coupled with the police officer's observations at the scene, gave rise to a reasonable suspicion to justify defendant's detention *(see, People v Allen,* 73 NY2d 378, 380). The actions of the police officers in drawing their weapons did not transform the lawful stop into an arrest *(see, People v Clark,* 172 AD2d 679, 680; *People v Davis,* 161 AD2d 602, *lv denied* 76 NY2d 855; *see also, People v Allen, supra).* Inasmuch as the police officers had reason to believe that defendant was armed, they were justified in taking such precautionary measures as were necessary for their own safety *(see, People v Chestnut,* 51 NY2d 14, 21, *cert denied* 449 US 1018). The suppression court properly determined that defendant's detention for two minutes while police awaited information to identify defendant positively was proper *(see, People v Hicks,* 68 NY2d 234; *cf., People v Camarre,* 171 AD2d 1002, *lv denied* 78 NY2d 953).

Defendant's suppression motion was properly denied. Neither his moving papers nor the proof adduced at the suppression hearing was sufficient to meet defendant's initial burden to demonstrate standing to contest the search *(see,* CPL 710.60 [1]; *People v Wesley,* 73 NY2d 351, 358-359; *People v Sanchez-Reyes,* 172 AD2d 1034, *lv denied* 78 NY2d 926). Defendant, a passenger in an automobile owned and operated by his girlfriend, failed to show a legitimate expectation of privacy in the vehicle to support an application to suppress a weapon discovered during a search of the automobile where the People are not relying on the statutory presumption of Penal Law § 265.15 (3) *(see, People v Rodriguez,* 69 NY2d 159; *People v Telfer,* 175 AD2d 638, *lv denied* 78 NY2d 1130; *People v Cacioppo,* 104 AD2d 559; *cf., People v Millan,* 69 NY2d 514). Defendant's remaining contentions are unpreserved and we decline to reach them in the interest of justice. (Appeal from Judgment of Supreme Court, Erie County, Glowina, J.—Criminal Possession Weapon, 3rd Degree.) Present—Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.