■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHANNES PRICE, Respondent. [599 NYS2d 45] —Appeal by the People from an order of the Supreme Court, Kings County (Tomei, J.), dated June 24, 1992, which granted, after a hearing, that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

The hearing court improperly granted suppression of a gun which the defendant discarded as he was being chased by police officers during a pursuit on foot. A tip from an unidentified person who had a conversation with the officers and observations at the scene gave the officers an articulable basis for inquiring of the defendant as to his activities (see, People v Salaman, 71 NY2d 869; People v De Bour, 40 NY2d 210; People v Jackson, 158 AD2d 545; People v Perry, 133 AD2d 380, affd 71 NY2d 871). That the police officers approached the defendant with their guns drawn did not transform an otherwise lawful stop into an arrest, since the police had a reasonable basis for suspecting that the defendant was armed (see, People v Jackson, supra; Matter of Oniel W., 146 AD2d 633, 634). Accordingly, the police were justified in exercising caution in order to ensure their personal safety (see, People v Chestnut, 51 NY2d 14, 21, cert denied 449 US 1018; People v Jackson, supra; People v Perry, supra). The defendant's attempt to flee upon the officers' approach gave rise to the requisite reasonable suspicion that the defendant committed or was about to commit a crime and justified the officers' pursuit (see, People v Leung, 68 NY2d 734; People v Jackson, supra; People v Miller, 146 AD2d 809). Therefore, the subsequent recovery of the gun, which was discarded and abandoned by the defendant during his flight, was also proper (see, People v Boodle, 47 NY2d 398, 404, cert denied 444 US 969; People v Jackson, supra). Balletta, J. P., Rosenblatt, Miller and Joy, JJ., concur.