OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the defendant, who is charged with *1060 criminal possession of a weapon in the third degree, possession of burglar’s tools, unlawful possession of radio devices and unlawful possession of noxious materials, pursuant to CPL 710.20 (1) to suppress items seized from his person and from a motor vehicle in which he was a passenger, by invoking the doctrine of collateral estoppel.
The driver of the vehicle, Gordon Montgomery, as a result of the same police action, was charged with the same crimes as the defendant, with the exception of the felony weapon charge. The three misdemeanors were prosecuted in City Court of the City of Rochester, which court granted Montgomery’s application to suppress the items seized from his automobile after a pretrial hearing. That court made no findings of fact and conclusions of law, nor did it explain its reasons for the decision.
The defendant claims that the doctrine of collateral estoppel bars the People from relitigating the issue of probable cause to stop Montgomery’s vehicle. The People oppose the defendant’s motion upon the grounds that there is no identity of parties, one of the requisites of collateral estoppel, and that City Court failed to comply with CPL 710.60 (6) by not articulating findings of fact, conclusions of law and reasons.
The evidence adduced at the hearing conducted in City Court showed that: the police possessed an outstanding warrant for the defendant’s arrest; the police observed the defendant riding as a passenger in a vehicle operated by Montgomery; the police stopped the vehicle to arrest the defendant on the basis of the warrant; at the time of the stop the police knew the defendant and the defendant admitted his identity; a pat down of the defendant revealed a .45 caliber semiautomatic handgun and a fully loaded magazine; in the automobile the police observed an open briefcase which contained burglar’s tools and a can of mace on the rear floor behind the driver’s seat and a scanner on the passenger floor; the items seized from the vehicle were in plain view from the outside of the vehicle; and the police did not have a search warrant to search the automobile.
At the conclusion of the hearing, City Court simply indicated that the application of Montgomery to suppress was granted.
The term collateral estoppel means that when an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot be again litigated between the same *1061 parties in any future action, provided (1) there was an identity of parties; (2) there was an identity of issues; (3) there was a prior proceeding resulting in a final and valid judgment; and (4) the party opposing the estoppel had a full and fair opportunity to litigate (People v Goodman, 69 NY2d 32).
Support for the defendant’s contention can be found in two analogous cases, People v McGriff (130 AD2d 141) and People v Nieves (106 Misc 2d 395) which circumvented an apparent lack of identity of parties and found collateral estoppel applied. Both cases involved search warrants defective because of a lack of probable cause on the basis of which multiple defendants were arrested, some for felonies and some for misdemeanors. In each case a suppression hearing was first held in the local criminal court for the defendants charged with misdemeanors, and the application for suppression was granted. The prosecutor in each case then sought to relitigate the validity of the search warrant as to those defendants charged with felonies in the superior court, but both courts held he was collaterally estopped. Both courts agreed that the identity of the parties requirement was a flexible one, and the fact that different defendants were parties to two separate suppression motions in no way impacted upon the probable cause determination.
These cases completely negative the People’s argument that there was no identity of parties, and they also demonstrate that there was an identity of issues.
Thus, to defeat the defendant’s application the People must rely upon the claimed omission of the two remaining criteria —a prior proceeding resulting in a final and valid judgment and the People having a full and fair opportunity to litigate. Both these assertions place the People upon firm ground.
There was no final and valid judgment here, because City Court’s suppression ruling was in contravention of CPL 710.60 (6).
The City Court’s statement at the conclusion of Montgomery’s suppression hearing, "I’ll grant your application,” does not comply with CPL 710.60 (6) that "the court, upon determining the motion, must set forth on the record its findings of fact, its conclusions of law and the reasons for its determination.” The statute requires this so an appellate court can determine whether a decision "was based on a wholesale rejection of evidence adduced by the People, because of stated concerns about the credibility of witnesses, or whether there *1062 was a misapplication of the law” (People v Rumph, 190 AD2d 698, 700).
The analogous case of People v McGriff (supra) implied that collateral estoppel is inapplicable in the absence of compliance with this section. That decision emphasized that this principle was properly applied there, because there was no uncertainty relative to the basis on which any issue was reached, because there was a dealing with a narrowly circumscribed issue; because there was a "clean-cut” question particularly suited for the application of collateral estoppel; and because the findings of fact and conclusions of law fully detailed the basis for the suppression court’s decision and left no doubt that the relevant issues had been decided without reference to the parties.[1]
So, the noncompliance of City Court with this section is one reason why the defendant’s attempt to assert the doctrine of collateral estoppel is inappropriate.
There was also no full and fair opportunity for the People to litigate, because the decision at the completion of Montgomery’s suppression hearing was manifestly in error.[2]
The case of People v Brown (190 AD2d 1003, lv denied 81 NY2d 968) involved a factual situation similar to that in this case. There, the police received a radio dispatch that the defendant who was wanted on an outstanding parole violation warrant was a passenger in a car operated by a female at a certain location; the police located the car and directed it to pull over; when the defendant began walking away the police drew their weapons and ordered the defendant to stop; the police conducted a pat down search of the defendant for weapons and subsequently searched the vehicle; and the search of the vehicle revealed a .38 caliber revolver concealed beneath a blanket on the front seat where the defendant was seated. The Appellate Division, Fourth Department, concluded that the defendant’s suppression motion was properly denied, without even discussing the legality of the stop of the female’s automobile.
*1063 The factual predicate in Brown (supra) is almost identical to that in this case, and the result should have been the same. Enhancing this conclusion is the fact that the police officer was the only witness to testify at this hearing (see, People v Mangarella, 190 AD2d 757), and that there was no contradictory evidence presented (see, People v Plevy, 52 NY2d 58).
The cases concerning the doctrine of collateral estoppel do not categorically pronounce that this rule does not require blind adherence to an incorrect decision. However, People v Berkowitz (50 NY2d 333, 345) intimated this to be true in this language: "in criminal law * * * society has an overwhelming interest in ensuring * * * that the determination of * * * innocence be made * * * correctly * * * it is the correctness of the result which is of pre-eminent concern in a criminal proceeding” (emphasis added). Later cases in the Court of Appeals continuously alluded to this concept (People v Aguilera, 82 NY2d 23 ["correct result”]; People v Goodman, supra, at 37 ["correct result”]; People v Fagan, 66 NY2d 815 ["correct determination”]).
This conclusion is supported by People v Sailor (65 NY2d 224, cert denied 474 US 982, supra). There, at the first persistent felony offender hearing the defendant admitted that he had been convicted of three felonies in Florida; the resulting persistent felony offender finding was reversed, because the defendant was given improper notice; the defendant prevailed at the second persistent felony offender hearing, since identity involving the Florida convictions was attempted to be proven with hearsay documents; the certified copy of the transcript of the first hearing at which the defendant had admitted three convictions also ruled to be inadmissible hearsay; the defendant was subsequently adjudicated a predicate felony offender following a hearing, where the defendant’s claim of collateral estoppel was rejected. The Court of Appeals held that collateral estoppel did not preclude relitigation as "the prosecution did not receive a full and fair adjudication * * * because the court erroneously excluded evidence of defendant’s formal judicial admission, an exception to the hearsay rule” (at 229; emphasis added).[3]
Thus, the incorrect decision of City Court in granting Montgomery’s application to suppress is likewise a sound reason *1064 not to accept the defendant’s attempt to apply the doctrine of collateral estoppel.
Accordingly, the application of the defendant to suppress the items seized from his person and from Montgomery’s motor vehicle by invoking the doctrine of collateral estoppel is denied.

. This last reason is of particular import here, because Montgomery’s counsel argued that all the information the police possessed justifying the stop of Montgomery’s automobile related to the defendant only and in no way impacted on Montgomery.

. While the category of prior proceeding resulting in a final and valid judgment would appear to be more appropriate, People v Sailor (65 NY2d 224, cert denied 474 US 982), discussed infra, places erroneous rulings on this category.

. Although not expressly so holding People v Howard (152 AD2d 325) refused to apply collateral estoppel while seeming to express concern with the propriety of the first determination.