■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH McELROY, Appellant. [609 NYS2d 109] —Crew III, J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered May 29, 1992, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

On June 1, 1991 at approximately 10:30 P.M., Deputy Sheriff John Grandinetti was on routine patrol in the Town of Germantown, Columbia County, when he observed a car in the parking lot of the Country Cone ice cream stand near a public telephone, which was being used by an individual. Being aware of several recent burglaries in the area, including the Country Cone, and never having observed anyone using the phone in question that late at night, Grandinetti decided to investigate. By the time he turned around and pulled into the

parking lot, the phone was no longer in use. Grandinetti approached the driver of the car, Angelo Ciancetta, and asked for his license and registration, which proved to be valid. He then inquired of Ciancetta why he was in the parking lot and was told that he was making a telephone call to a friend in Greene County. Having determined that answer to be suspicious, Grandinetti told Ciancetta to turn the ignition off and asked him to get out of his car. When Ciancetta was out of his car, Grandinetti frisked him and told him to get into the patrol car. Once in the patrol car, Grandinetti smelled the odor of alcohol on Ciancetta's breath and inquired if there were any open containers or narcotics in the car. Ciancetta admitted there was an open container in the car but denied the presence of narcotics. He was then asked if he would consent to a search of his automobile and he stated that he would.

After Ciancetta signed a written consent to search, Grandinetti returned to Ciancetta's car and requested defendant, who was seated in the front passenger seat, and a rear seat passenger to get out of the car. After they did so, Grandinetti undertook a search of the vehicle which disclosed a crack cocaine pipe under the front passenger's seat. He then asked, "Whose is this?", and defendant said it was his. Defendant was then arrested and a search incident to that arrest disclosed cocaine, as the result of which defendant was indicted, convicted and sentenced to one year in jail for criminal possession of a controlled substance in the fourth degree. On this appeal, defendant contends that County Court erred in denying his motion to suppress the cocaine seized from his person following his arrest, because the arrest was predicated on the illegal search and seizure of the cocaine pipe and was, therefore, unlawful.

The People contend that defendant lacks standing to contest the legality of the search of the car. We agree. It was defendant's burden to demonstrate his standing to contest the search (see, CPL 710.60 [1]; People v Wesley, 73 NY2d 351, 358-359). Defendant, as a passenger in the vehicle owned and operated by Ciancetta, failed to show a legitimate expectation of privacy in the vehicle to support an application to suppress the cocaine pipe discovered during the search of that vehicle and, because the People are not relying upon the statutory presumption of Penal Law § 265.15 (3), defendant's motion was properly denied (see, People v Carter, 199 AD2d 817, 819; People v Brown, 190 AD2d 1003, 1004, lv denied 81 NY2d 968).

In light of this conclusion, we need not reach the remaining

arguments advanced by defendant.

Mikoll, J. P., Mercure and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.