■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROB JACKSON, Appellant. [613 NYS2d 230] —Appeal by the defendant from a judgment of the Supreme Court, Kings County

(Gerges, J.), rendered July 1, 1991, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we discern no basis for disturbing the hearing court's express determination that the stop and frisk in this case was validly supported by reasonable suspicion. In this regard, the defendant's analysis of the stop pursuant to the more stringent probable cause standard for an arrest is erroneous (see, People v Landy, 59 NY2d 369; People v Benjamin, 51 NY2d 267; People v Olsen, 93 AD2d 824; cf., People v Parris, 83 NY2d 342; People v Elwell, 50 NY2d 231). The evidence adduced at the hearing, including the radio report of an armed robbery in progress at a specified location, the descriptions provided by citizen informants to other police officers during a face-to-face encounter at the scene, and the independent corroborative observations made by the arresting officer in close temporal and geographical proximity to the scene, provided the reasonable suspicion necessary to justify the stop of the defendant (see, People v Salaman, 71 NY2d 869; People v Landy, supra; People v Klass, 55 NY2d 821; People v Benjamin, supra; People v Mills, 198 AD2d 236). Moreover, the protective pat down of the defendant was appropriate, given the nature of the reported crime and the officer's reasonable belief that the defendant might be armed (see, People v Salaman, supra; People v Benjamin, supra). Upon recovering a gun from the defendant's person, the police had probable cause to arrest him (see, People v Sattan, 200 AD2d 640; People v Thorne, 184 AD2d 797). Accordingly, the defendant's contention that the police conduct in this case was unlawful is without merit. Sullivan, J. P., Balletta, Joy and Friedmann, JJ., concur.