■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AHMED J. COON, Appellant. [622 NYS2d 404] —Judgment unanimously affirmed. Memorandum: Defendant contends that the police lacked authority to stop and detain him forcibly, and that the fruits of such unlawful detention should have been suppressed. The record establishes that the police spotted defendant, who fit the general description of the suspect, approximately one block away from the scene of the crime

within minutes after the robbery occurred; that they observed a "bulge" in defendant's waistband that appeared to be the butt of a gun; and that they observed defendant acting suspiciously while he was seated in the backseat of a cab as it drove away. Given those facts, it was proper for the suppression court to find that the police had reasonable suspicion to stop the taxicab in which defendant was a passenger *(see, People v Marley,* 201 AD2d 925, *lv denied* 83 NY2d 969; *People v Brown,* 190 AD2d 1003, 1004, *lv denied* 81 NY2d 968). The actions of the police in drawing their guns did not transform the lawful stop into an arrest *(see, People v Brown, supra; People v Clark,* 172 AD2d 679, 680; *People v Davis,* 161 AD2d 602, *lv denied* 76 NY2d 855). Inasmuch as the police had reason to believe that defendant was armed, they were justified in taking such precautionary measures as were necessary for their own safety *(see, People v Chestnut,* 51 NY2d 14, 21, *cert denied* 449 US 1018). Once the police stopped the cab and observed a money wrapper and gun on the floor of the backseat, their reasonable suspicion ripened into probable cause to arrest defendant *(see, People v Martinez,* 80 NY2d 444). Therefore, Supreme Court properly denied defendant's motion to suppress.

There is no merit to defendant's contention that the prosecutor was guilty of misconduct in failing to alert the defense that a prosecution witness gave false testimony. Although the witness's testimony was inaccurate in one minor respect, the inaccuracy appears to be the result of a mistake rather than deliberate false testimony. Moreover, defendant had a copy of the transcript of the disputed radio transmission prior to the hearing and was free to cross-examine the witness about the discrepancy.

Considering defendant's prior criminal history, we conclude that the sentencing court did not abuse its discretion in imposing the maximum permissible terms. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Robbery, 1st Degree.) Present—Denman, P. J., Green, Balio, Callahan and Boehm, JJ.