■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DECAYETTE, Appellant. [629 NYS2d 450] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered November 9, 1992, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), criminal possession of a weapon in the second degree (two counts), attempted assault in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the third degree, grand larceny in the fourth degree (two counts), and criminal possession of stolen property in the fifth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Information received from a fellow officer, along with a tip from an unidentified person and observations at the scene, gave the arresting officers an articulable basis for inquiring of the defendant as to his activities (*see, People v Salaman*, 71 NY2d 869; *People v De Bour*, 40 NY2d 410; *People v Jackson*, 158 AD2d 545; *People v Perry*, 133 AD2d 380, *affd* 71 NY2d 871). The defendant's attempt to flee upon the officers' approach gave rise to the requisite reasonable suspicion that the defendant had committed or was about to commit a crime and justified the officers' pursuit (*see, People v Leung*, 68 NY2d 734;

*People v Jackson, supra; People v Miller*, 146 AD2d 809). Once the defendant displayed a gun and pointed it in their direction the officers had probable cause to arrest him (*see, People v Wider*, 172 AD2d 573; *People v De Bour, supra; see also*, CPL 140.10). Therefore, the subsequent recovery of the gun, which was discarded and abandoned by the defendant during his flight, was proper (*see, People v Boodle*, 47 NY2d 398, *cert denied* 444 US 969; *People v Jackson, supra*). The search of the defendant, being incidental to the arrest, was likewise proper and the watches and currency found in his pocket were legally obtained (*see, People v Leung, supra; People v White*, 117 AD2d 127).

The defendant has not preserved for appellate review his contention that the People failed to establish beyond a reasonable doubt that he was the person who committed the robbery (*see*, CPL 470.05 [2]; *People v Bynum*, 70 NY2d 858; *People v Hemphill*, 187 AD2d 728). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte*, 90 AD2d 80). Bracken, J. P., Joy, Friedmann and Krausman, JJ., concur.