■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v McDONALD ADAMS, Appellant. [629 NYS2d 788] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered May 25, 1993, convicting him of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (R. Goldberg, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

On September 4, 1992, at approximately 9:20 P.M., the police responded to a radio call that shots had been fired at an abandoned building known as the site of drug trafficking and violent crime. A description of several men with guns was also transmitted. When the police arrived minutes later, the defendant, who partially matched one of the descriptions, was standing alone in front of the building. One of the officers approached the defendant with his shield visible and gun holstered and inquired about the defendant's reason for being there and whether he had heard any shots. When the defendant failed to answer, the officer performed a pat-down search of the defendant and discovered a handgun. The officer then arrested the defendant and placed him in the police car where the officer heard the defendant make an incriminating statement. A subsequent search of the defendant's pockets revealed a small blue packet containing crack cocaine. The hearing court refused to suppress the gun, the drugs, or the statement. We affirm.

The sole predicate for the police to proceed to the scene was an anonymous complaint of shots fired and a description of

several individuals seen with guns. When the police arrived just minutes later and found the defendant, who partially matched one of the descriptions, standing alone in front of this abandoned building known as the site of drug trafficking and violent crime, the police had the right to approach the defendant to inquire about the gun shots. When the defendant failed to respond to the officer's initial inquiry, the officer was justified in frisking the defendant so that he could pursue his investigation without fear of violence *(see, People v Stroller,* 42 NY2d 1052; *see also, People v Salaman,* 71 NY2d 869; *People v Jackson,* 205 AD2d 640). Once the gun was discovered, the police had probable cause to arrest the defendant *(see, People v Jackson, supra; People v Thorne,* 184 AD2d 797). Further, the defendant's spontaneous statement was admissible into evidence *(see, People v Bryant,* 59 NY2d 786, 788), as was the packet containing crack cocaine, which was found in a search incident to a lawful arrest *(see, People v Perel,* 34 NY2d 462). Bracken, J. P., Balletta, Pizzuto and Krausman, JJ., concur.