■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRETT JOHNSON, Appellant. [629 NYS2d 801] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered October 26, 1993, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not entitled to suppression of the gun recovered by the police officers (*see, People v Benjamin*, 51 NY2d 267, 270; *People v Price*, 194 AD2d

634). An informer who knew the defendant told the police that he had recently seen the defendant with a gun. One of the officers who arrested the defendant knew the informer. Based upon that information the officers went to an area where they thought the defendant might be found. As the officers neared that area, they saw the defendant and noticed a bulge in his jacket pocket. When the defendant saw the officers, he turned around and reentered a store where the police saw him throwing a metallic object behind a plexiglass counter. Thus, the totality of the circumstances here supplied the officers with sufficient information to justify the gun's recovery.

There was no impropriety in the Supreme Court's discharge of a juror who was approached by the defendant's girlfriend (*see, People v Clarke*, 168 AD2d 686). The girlfriend had told the juror that the defendant was innocent. The court was informed of the encounter by a third party and not by the juror, as the juror had been repeatedly instructed to do. The Supreme Court correctly determined that failing to follow the most basic of jury instructions amounted to substantial misconduct (*see,* CPL 270.35).

The defendant's remaining contentions are not preserved for appellate review and, in any event, are without merit. Rosenblatt, J. P., Copertino, Hart and Friedmann, JJ., concur.