■ The People of the State of New York, Respondent, v La Mar Williams, Appellant. [638 NYS2d 635]

Defendant's alternative claims that he was arrested without probable cause when approached by a police officer with gun drawn and frisked, or, if not then arrested, that the conduct of such officer was not a justifiable stop and frisk, since in either case, the sending officer's observation of a gun in defendant's waist was not indicated in his radio transmission and thus could not be imputed to the receiving officer, were not raised before the suppression court, are therefore unpreserved for appellate review as a matter of law, and we decline to review them in the interest of justice. In any event, if we were to review them, we would find that the radio transmission, which advised that the sending officer was in the midst of a pursuit, constituted an implied direction to fellow officers to stop the described individual, and, coupled with the receiving officer's observation of defendant minutes after the transmission dressed as described and running along the specified street into a vestibule while holding his groin area, warranted the stop and frisk (*see, People v Brnja*, 50 NY2d 366, 373, n 4; *cf., People v Liner*, 133 AD2d 555, *appeal dismissed* 70 NY2d 945). The action of the receiving officer in drawing his gun and placing defendant against the wall did not transform what was a lawful stop into an unlawful arrest (*see, People v Coon*, 212 AD2d 1009, *lv denied* 85 NY2d 937). Concur—Ellerin, J. P., Rubin, Ross, Williams and Tom, JJ.