■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SCHOLLIN, Appellant. [682 NYS2d 48] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered July 28, 1995, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly found that the police had probable cause to arrest the defendant. Initially, the officers had reasonable suspicion to believe that the defendant had been involved in the crime which they knew had occurred, based upon, *inter alia,* his presence close to the scene at about the time of its commission at a time when the streets were otherwise deserted, his partial match to a general description of the

perpetrators, and the nervous demeanor of the person with him (*see, e.g., People v Shakur,* 233 AD2d 793, 795; *People v Wilson,* 225 AD2d 568). The pat-down of the defendant's outer clothing, without a weapon drawn, was justified in light of the arresting officer's belief that the victim had been shot in the face (*see, People v Salaman,* 71 NY2d 869, 870). Upon noticing blood on the defendant's clothing, the officer's reasonable suspicion ripened into probable cause (*see, e.g., People v Jackson,* 205 AD2d 640, 641).

We agree with the defendant that the declarations of other participants in the crime, to the effect that they beat and kicked the victim after he had been disarmed and was on the ground, qualified as declarations against penal interest (*see, People v Maerling,* 46 NY2d 289). Nevertheless, we find that the trial court properly refused to admit the statements into evidence, since they were not relevant to the issues before the jury. Specifically, the declarations did not tend to prove that the defendant did not participate in the attack upon the victim, or that he was not liable for aiding and abetting the others, or that he was justified (*see, People v Sellitti,* 255 AD2d 466 [decided herewith]).

We reject the defendant's challenges to the court's charge to the jury. Although the count of the indictment of which the defendant was convicted specified that the beating and kicking of the victim occurred while he was "on the ground", the court charged the jury that it was the People's theory that all of the defendants were responsible for everything that happened, whether or not they participated in the beating of the victim while he was on the ground. We agree with the People that the "on the ground" language in the indictment was not essential to establish the defendant's guilt of assault in the first degree under Penal Law § 120.10 (depraved indifference assault) (*see, People v Rooney,* 57 NY2d 822). Furthermore, the defendant was not prejudiced by the charge, since he clearly had notice from the indictment that he was being tried on an acting-in-concert theory. His defense that he justifiably participated in the assault for the sole purpose of disarming the victim, and then retreated before the victim was on the ground, remained viable because, pursuant to the court's justification charge, if the jury had accepted his version of events, they would have had to acquit him. The defendant's remaining contentions concerning the court's charge are without merit. Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.