■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY BRUCE, Appellant. [744 NYS2d 689] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered December 8, 2000, convicting him of

robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's motion which was to suppress identification testimony. The evidence at the suppression hearing established that the police had reasonable suspicion to detain the defendant, initially and moments thereafter, as the defendant fit both the general description of one of the two men who robbed the complainant and was found near the crime scene shortly after the crime occurred (*see People v Crossen,* 269 AD2d 541; *People v Schollin,* 255 AD2d 465).

Furthermore, the defendant failed to preserve for appellate review his argument that the evidence at trial was legally insufficient to establish his identity as the perpetrator beyond a reasonable doubt (*see People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be given to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Florio, J.P., Smith, Friedmann and H. Miller, JJ., concur.